ADM'RS OF WIGGINS vs. ADM'R OF PRYOR.

ADM'RS OF WIGGINS versus ADM'R OF PRYOR.

QUESTIONS IN THIS CASE.

*Upon the mode of taking the deposition of absent witnesses.*

*The competency of an administrator to testify as a witness.*

*As to parol evidence of a receipt.*

1. In taking the testimony of a witness, residing out of the State, it is not essential to file interrogatories in the clerk's office, previous to the issuance of a commission.

2. A party, seeking such testimony, has his election either to file interrogatories; or to propound questions when the witness goes before the commissioners.

3. It is no objection to the reading of the deposition of a witness, residing out of the State, regularly taken, that such witness has not signed it.

4. In such case the certificate of the commissioners, that it was signed, it not appearing to be so, is not sufficient, apart from other circumstances of suspicion, to warrant its rejection as evidence.

5. In an action brought by the administrators of A, against the administrator of B, for money received by the latter of the estate of C ; the administrator of C is competent, in respect of interest, to prove the payment by him of the money to B.

6. In such case, it was held, that parol proof of the receipt given by B, for the money so received from C's adm'r might be made by him, without the production of the receipt.

William Pryor, administrator of the estate of Asa Pryor, declared against Wiggins' administrators, in Madison Circuit Court, in the action of assumpsit, for money had and received, by the defendant's intestate, to and for the use of the intestate of the plaintiff. The evidence offered to sustain the plaintiffs action, was the deposition of a non-resident witness,

who was the representative of one Jordan. This witness proved that the intestate of the defendants, presented to him, the witness, as the administrator of Jordan, a note of hand, executed by Jordan, in favor of one Cabiness, and by the latter assigned to Pryor, the intestate of the plaintiff, and received payment thereof; and that said Wiggins, the intestate, observed, at the time of so receiving the amount of the note, that Pryor had placed it with him for collection. That Wiggins then executed a receipt for the amount of the note—specifying that it had been placed in his possession, for collection. On this testimony, a verdict and judgment were rendered in favor of the plaintiff, and a writ of error, (on bill of exceptions,) taken by the defendants to this Court.

*Stewart* and *Thornton* for the plaintiffs in error; *Robiuson,* contra.

COLLIER, J.—This was an action of assumpsit, for money had and received, in the Circuit Court of Madison.

On the trial, the defendant in error, (who was plaintiff below) offered in evidence, the deposition of John H. Thompson, taken in the State of Missouri, under a commissioner, and notice for that purpose. The deposition proved, that the witness, as the administrator of Solomon Jordan, paid to Wiggins, the intestate of the plaintiff in error, the amount of a note, " executed by Jordan to a Mr. Cabiness, for sixty dollars, dated, to the best of his recollection, in June, 1826; by Mr. Cabiness said note was assigned to Asa Pryor: said Wiggins stated, when he presented

the note, that Pryor had put it in his hands, requesting him to make collection of Thompson as soon as possible." The witness further deposed, that he paid to Wiggins, the principal and interest due on the note ; and remarked, that he would take the note to Pryor, that it might be receipted in full, and gave his own receipt for the money ; in which it is expressed that Pryor had put the note in his hands for collection.

To the reading of the deposition, the counsel of the plaintiff in error objected—

1st. Because it was irregularly taken.

2d. Because the witness was incompetent, by reason of interest.

3d. Because the receipt mentioned in the deposition, as having been given by Wiggins, should have been produced, or its absence accounted for.

All which were overruled, and the deposition was read to the jury.

The assignment of errors present for revision, the three points of objection taken to the deposition in the Court below.

1. In respect to the first, it has been repeatedly decided in this Court, that it is not an indispensable requisite to the regularity of a deposition taken in a suit at law,. to exhibit interrogatories in the clerk's office, previous to the issuance of a commission ; but the party has his election to pursue this course, or else propound his questions when the witness comes before the commissioners for examination. There is no statute or rule of practice, which requires a deposition to be subscribed by the witness : the commissioners are directed, under their hands and seals, to certify it. The fact, that the commissioners has

ADM'RS OF WIGGINS *vs.* ADM'R OF PRYOR.

certified to the signature of the witness to the deposition, when in truth it has never been signed, apart from other circumstances of suspicion, that the paper offered is spurious, should not have induced its rejection; the more especially if the deposition and certificate were written on the same piece of paper, or so attached as to leave no doubt of the genuineness of the former.

2. The interest which disqualifies á witness, must be some legal, certain, and immediate interest, however minute, in the *result* of the cause, or in the *record*—as an instrument of evidence.[a] By examining [2Starkie's Ev. 744] this test, we discover that the interest of Thompson, is not such, as can render him an incompetent witness. It is entirely immaterial to him, so far as his legal rights are concerned, how the cause between these parties may eventuate: the record cannot be evidence to charge him personally, or as the representative of the estate of his intestate. Besides, if it could be evidence of a demand against the estate of his intestate, he could not be prejudiced. It must be unimportant to an administrator, whether he disposes of the estate of his intestate, in the payment of debts, or passes it to the distributees, if he has been honest in the discharge of his trust.

3. It is a general rule, that the best evidence a fact is susceptible of, must be produced, if in existence, and its production be practicable. The reason of the rule is founded in this idea—if there be better evidence extant than that offered, the inference is fair, that if it were produced, it would make against the party offering such secondary proof: hence the requisition that the best attainable evidence

3 v. P.            55

must be offered. Written evidence is esteemed a higher grade of testimony than that which exists merely in the memory of witnesses, and in general, supersedes it. To illustrate the proposition, parol proof of the conveyance of property, where there is written evidence of the fact, would not be evidence in favor of a purchaser against his vendor, unless the non-production of the writing was satisfactorily accounted for.

Though the general rule be as we have stated, it can not be laid down as a universal rule, that where written evidence of a fact exists, all parol evidence of the same fact must be excluded. In many cases, it is competent for a witness to depose to a fact, though proof of the same fact might be shewn by a writing. If it become necessary to prove the ownership of an article of personal property in a particular individual, it is competent for a witness to state that that individual informed him he was the owner.—Saying nothing of any writing evidencing his ownership; or in a case where an *alleged* vendor was seeking to recover, it might be shewn that he admitted the sale, though there was evidence in existence to prove the conveyance.

In *Herbert* vs. *Cohen,*[a] it was said by Lord *Ellenborough,* that the existence of a receipt did not exclude parol evidence, of the payment of money. And the same point was adjudged in the case of *Jacob* v. *Lindsay.*[b]

In *Hamlin's adm'r* vs. *Atkinson, surv. &c.*[c] it was determined, that though a receipt for money was given, it was competent to prove the payment by parol testimony, if the witness can speak to the fact, without reference to a knowledge derived from having

seen the receipt itself;. but if he did not know of the payment, and only spoke from having seen the receipt, the paper as the best evidence of a fact, of which it *alone* had imparted information, must be produced.

In the case of *Keene* vs. *Meade*,[a] it appeared that the party himself had made an entry in the *rough cash book* of the lender of money advanced to him: it was objected on the trial that the book itself should be produced, and parol evidence of the loan, was not admissible. The Court decided that parol evidence was allowable to prove the *loan*, notwithstanding the written entry of the advance; and say that no objection could be made to it on the ground of its repugnance to the written entry. Nor does the non-production of the written evidence afford an inference, that had it been produced, it would have operated a prejudice to the plaintiff; nor can its non-production prejudice the plaintiff. These observations apply in full force to the present case.

The witness then, having derived his knowledge, not from the receipt itself, but from the fact of having paid the money, and hearing Wiggins declare that Pryor had placed the note in his hands to collect; and the receipt being given by Wiggins, not so much that it might afford evidence against himself, as in favor of Thompson, in the settlement of his administration, reason and law both concur, in determining its production to have been unnecessary.

The judgment is therefore affirmed.

HOPKINS, J. not sitting—having been of counsel below.