# Stephenson *v.* Brunson.

83   455
100   633

*Statutory Detinue for Estrays.*

1. *Estray; rights of taker; notice of claim and proof by owner.*—On compliance with statutory requirements by a person who has taken up an estray (Code, §§ 1552–57), he acquires a qualified property in the animal, which becomes absolute on failure of the owner to appear and prove his claim as prescribed by law; and unless he is notified of a claim interposed by the owner before a justice of the peace, so that he may appear and defend, he is not concluded by the proceedings.

2. *Failure of owner to pay costs and expenses.*—The failure of the owner to pay the costs and legal expenses attending the keeping of the estray, before the expiration of one year (Code, §§ 1570, 1574), does not forfeit his right of property, when it is caused by the absence or other act of the taker, or when other lawful excuse is shown.

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. JOHN P. HUBBARD.

[Stephenson v. Brunson.]

This action was brought by Henry D. Brunson against Samuel Stephenson, to recover a cow and heifer calf, "with their increase;" was commenced in a justice's court, on the 10th October 1885, and carried by appeal to the Circuit Court. It was shown on the trial, as appears from the bill of exceptions, that the defendant took up the cow and calf as estrays on the 8th January, 1882, made affidavit, and had them regularly posted and appraised; and having paid one half of their appraised value on the 8th January, 1883, in the absence of any claim established by the owner, he claimed the cattle under these proceedings. The plaintiff testified that the cow and calf belonged to him, and strayed from his place about the 1st August, 1881, and that he next saw them "about the 1st *June*, 1883," as the date is copied in the transcript; but it appeared that, on or about the 1st January, 1883, he went to the defendant's house, claimed the cow and calf, and said that he would prove his property; and he went before a justice of the peace on that day, and made oath as to his ownership; and the justice thereupon made an order, directed to the defendant, commanding him to deliver up the cow and calf to the plaintiff, "after he has paid the expenses of estraying and keeping." The defendant had no notice of this proceeding, and he refused to deliver up the cattle. The money was not paid, but was tendered and refused some time in February; and the plaintiff testified, also, that he went to the defendant's house on the 8th January, for the purpose of tendering or paying the money, but did not find him at home. As to what passed between the parties at their several interviews, their testimony was somewhat conflicting; but the particulars are immaterial. The defendant offered evidence tending to show that the cattle sued for did not belong to the plaintiff, and were not the cattle which he had lost; and he excepted to the ruling of the court in excluding this evidence. The court charged the jury, "that if the plaintiff made proof of his property before the justice of the peace, and received the order to defendant for the delivery of the cattle, this would be conclusive, as between them, of his property in the estrayed cattle;" also, "that the payment of the costs of the estray proceedings, and of the reasonable expenses of keeping the stock by the taker up, is not absolutely required to be made within twelve months after the approval or taking of the estray bond;" also, "that if the defendant refused to receive compensation for the costs and expenses, after the same was legally and duly tendered,

although after the expiration of twelve months, he could not thereby defeat any right of the plaintiff to recover the property sued for." The defendant excepted to these charges, and he here assigns them as error, with other rulings excepted to.

GAMBLE & BRICKEN, for appellant.

ISAAC H. PARKS, contra.

CLOPTON, J.—A person who takes up an estray, · and complies with the requirements of the statutes, is constituted a bailee of the animal during the time he is required to keep it, unless sooner claimed by the owner; and is vested with a qualified property in the subject of the bailment, which becomes absolute on the failure of the owner to appear and prove his property therein within the time prescribed.—Code, 1876, §§ 1552–1577; Hudgins v. Glass, 34 Ala. 110. Section 1569 provides: "If the owner of any estray, within one year from the execution of the bond given under section 1558, claims the same, he must notify the taker, and satisfactorily establish his claim before a justice of the peace of the county, either by his own, or the oath of another person." The defendant had taken up the cattle in controversy, and complied with the statutory requirements. About January 1st, 1883, and before the expiration of one year after the execution of the bond, the plaintiff notified defendant that he claimed the estray, and would go before a justice to prove his property. On the next day, without further notice to the defendant, the plaintiff went before a justice of the peace, and made affidavit that the cattle estrayed were his property: and thereupon the justice made an order, requiring the cattle to be delivered to the plaintiff, on his paying the expenses of estraying and keeping.

By a fair and reasonable interpretation of the statute, the party claiming an estray must notify the taker, not only of his claim, but also of the time, place, and before what justice he will establish it. The intention of the statute is, that the taker shall have an opportunity to appear and contest the ownership of the claimant. If the owner of an estray does not appear and prove his property therein within the time prescribed, and as provided by the statute, he forfeits his right thereto, and the property is vested in the taker.—Code of 1876, § 1577. It could not have been intended, that the

[Cherry, Smith & Co. v. Herring.]

taker should be deprived of his possession and qualified property in the estray, and of his absolute right thereto in the event the owner forfeits his right, by an *ex-parte* proceeding. Though the statute may not expressly require notice, it would be unreasonable to suppose that it was intended to conclude the taker by such proceedings. It is a fundamental principle, a constitutional right, that every person shall have notice of any judicial proceeding instituted for the purpose of divesting him of his property. Without notice, there is not due process of law.—*Brown v. Wheeler*, 3 Ala. 287; *McCurry v. Hooper*, 12 Ala. 823; *Lehman, Durr & Co. v. Robinson*, 59 Ala. 219. The establishment of the claim of the owner is a *quasi*-judicial proceeding; and the same justice, before whom the owner proves his property, must determine the compensation to which the taker is entitled, if the parties can not agree. Proof of the claim of the plaintiff by his *ex-parte* affidavit, and the order of the justice, do not bind nor conclude the defendant, and do not prevent him to contest the plaintiff's ownership of the cattle in controversy in this action. Some of the rulings of the court are adverse to these views.

2. A failure to pay the legal costs and compensation for keeping the estray before the expiration of one year, within which the owner is required to appear and prove his property therein, if he has established his claim within the limited period, does not forfeit his right to the property, when such failure is caused by the absence or other act-of the taker, or for any reason which excuses delay.

Reversed and remanded.