# Glennon *v.* Mittenight.

*Bill in Equity to enforce Legacy as Charge on Lands.*

86  455
105  613
86  455
108  144
86  455
136  586

1. *Sale of lands by register; inadequacy of price, as ground of objection to confirmation.*—On a sale of lands by the register, the purchaser not being a party to the suit, he is entitled to have the sale confirmed, if the price bid is measurably adequate, although the complainant in the decree offers to bid a much larger sum at a re-sale.

[Glennon v. Mittenight.]

2. *Secondary evidence; waiver of objection to.*—An affidavit by a party in a pending suit, as to a decedent's interest in a tract of land, is not the best evidence of the fact stated; but, if no objection is interposed to it, it may properly be considered by the chancellor, and must be considered by this court on appeal.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

In this case, as the agreed facts show, a bill was filed on the 1st April, 1885, by Charles Mittenight, against the executors of the last will and testament of James T. Shelton, deceased, with his widow and children, as devisees and legatees under his will; and sought to compel a settlement of the estate, and to enforce a legacy bequeathed to the complainant, as a charge on the unsold lands. On the 3d December, 1887, a decree was rendered in favor of the complainant for $2,872, as the amount due on his legacy; and a sale of the remaining property of the estate was ordered for its satisfaction, after first paying the costs. Under this order, the register sold the decedent's interest in a tract of land particularly described; at which sale, James K. Glennon, who was not a party to the suit, become the purchaser, at the price of $305, which he paid to the register, and received a conveyance dated February 6th, 1888. The register reported the sale to the court, and its confirmation was opposed by the complainant in the suit, who offered to bid $900 on a re-sale. The chancellor refused to confirm the sale, and ordered a re-sale; and this decree is here assigned as error.

HAMILTONS & GAILLARD, for appellant.—The English practice of "opening the biddings" at a master's sale, for an advance in price, has been reprobated by the highest authorities there, and has never prevailed here.—*Gordon v. Sims*, 2 McCord's Ch. 158; *White v. Wilson*, 14 Vesey, 151; *Duncan v. Dodd*, 2 Paige, 101; *Bank v. Hunter*, 8 Ala. 887; *Williamson v. Dale*, 3 John. Ch. 292. Mere inadequacy of price, of itself, is not a sufficient ground for setting aside a sale, when a stranger is the purchaser. *Littell v. Zuntz*, 2 Ala. 260; *Aderholt v. Henry*, 82 Ala. 542; *Ray v. Womble*, 66 Ala. 37. Here, there was no inadequacy of price, since only a half interest in the land was acquired by the purchaser, at the price of $305, when the whole tract was worth only $900, and it was incumbered with liens aggregating $250. Moreover, the complainant was present at the sale, and had an opportunity to bid more

[Glennon v. Mittenight.]

if he then thought the price inadequate.—*Duncan v. Dodd*, 2 Paige, 101; 1 Green's Ch. 214; 33 N. J. Eq. 482; 2 S. W. Rep. 556; 3 Madd. 314; 2 Barb. Ch. Pr. 541, note; *Jennings v. Jenkins*, 9 Ala. 287.

GREG. L. & H. T. SMITH, *contra*.—Shelton's entire interest in the land was sold under the decree, and any defect of title does not enter into the adequacy of the price bid. The affidavit of Mrs. Shelton was the only evidence tending to show that the interest was only partial, and it was neither sufficient nor competent evidence.—*Johnson v. Cunningham*, 1 Ala. 249. The sale by the register, until confirmed, was incomplete; and the inadequacy of the bid was a sufficient reason for refusing confirmation.—*Cockrell v. Coleman*, 55 Ala. 588; *Allen v. Allen*, 80 Ala. 156; *Sayre v. Elyton Land Co.*, 73 Ala. 96; *King v. Platt*, 77 Ala. 151; 6 Humph. 137; *Haralson v. George*, 56 Ala. 297; *Phillips v. Benson*, 82 Ala. 502; *Aderholt v. Henry*, 82 Ala. 542; *Hutton v. Williams*, 35 Ala. 203; 2 Jones on Mortgages, § 1637. The sale was ordered and made in closing up an administration, and the practice is the same as in the Probate Court.—*Wilson v. Crook*, 17 Ala. 60; *Lang v. Brown*, 21 Ala. 179; *Sharp v. Sharp*, 76 Ala. 317.

McCLELLAN, J.—The decree directed the sale of certain property, which had belonged to James T. Shelton, deceased, or of the interest which he had held therein. The register reported, that in execution of the decree, he had sold "all the right, title and interest of the late James T. Shelton, deceased, in and to" certain realty. The extent of this interest in the property described is shown by the affidavit of Charlotte T. Shelton. She swears that the deceased owned only an undivided one-half interest in the land. This affidavit was, of course, not the best evidence of the fact; but no objection was interposed to its admission or consideration, and it was, therefore, proper to be considered by the chancellor, and must be looked to by this court in reviewing the conclusion he reached.—*Perry & Hale Counties v. Railroad Co.*, 65 Ala. 396, and cases cited.

The value of the lot was shown to be nine hundred dollars. It was incumbered by tax liens to the amount of $148.16. It had also been sold for other taxes at the sum of $95.50, and was, in the aspect of the evidence most favorable to the correctness of the decree appealed from,

[McBryde v. Sayre.]

incumbered by this additional amount. In determining the value of the property, therefore, these two sums, amounting in the aggregate to $243.66, should be deducted from nine hundred dollars, which leaves the value of the whole at $656.34, and of the half interest which was sold at $328.17. It is manifest that, on this state of the proof as to the value of the whole property, the incumbrances upon it, and the extent of the interest sold, the price bid by the appellant, $305, was not grossly inadequate, or sufficiently disproportionate to justify the setting aside of the sale. Whether mere inadequacy of price, short of the point which would raise a presumption of bad faith or misconduct, would be, in any case of original equity jurisdiction, ground for setting aside the sale, need not be decided; but it would seem clear, on principle, that where the price offered is measurably adequate, the purchaser is entitled to have the sale confirmed, and a conveyance made, notwithstanding assurance is given at the hearing, that a much larger sum will be offered at a re-sale. We think the chancellor erred in setting aside the sale. That decree is reversed, and a decree will be here rendered confirming the sale, and directing the register to make conveyance.

Reversed and rendered.

