[Watson v. Simmons.]

# Watson *v*. Simmons.

| 91 | 567 |
| 105 | 613 |
| 91 | 567 |
| 112 | 356 |

*Supersedeas of Execution on Forfeited Forthcoming Bond.*

1. *Secondary evidence; waiver of objection to.*—Parties may try their cases on illegal evidence, if they choose to do so; and if secondary evidence is admitted without objection in the court below, the objection is not available in this court.

2. *Discharge of sureties on forthcoming bond.*—When the defendant in execution has given a forthcoming bond with sureties, and the property is afterwards taken from his possession under another legal writ, the obligation of the bond is discharged, and the sureties are released; unless, possibly, the second writ was sued out in the interest of the defendant himself, or by collusion with him.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This was a petition by G. B. Simmons and others for the *supersedeas* of a summary execution, which had been issued against them on a forfeited forthcoming bond. An execution against said Simmons had been levied on three horses, and he thereupon executed the forthcoming bond, with the other petitioners as his sureties. The petition alleged that, on the day appointed for the sale of the horses, but before the hour at which the sale was to take place, the horses were taken from his possession by a deputy of the sheriff, under a writ in an action of detinue. The writ in detinue was not produced on the trial, but no objection was interposed to the oral testimony in regard to it. On the evidence adduced, the court quashed the execution; and its judgment, to which an exception was reserved, is here assigned as error.

JNO. D. WATSON, and W. R. FRANCIS, for appellant, cited *Jemison v. Cousins*, 3 Ala. 636; *Mead v. Figh*, 4 Ala. 279; *Anderson v. Rhea*, 7 Ala. 104; *Mitchell v. Ingram*, 38 Ala. 395; *Woolfolk v. Ingram*, 53 Ala. 11; *Adler v. Potter*, 57 Ala. 571; *Rhodes v. Smith*, 66 Ala. 174; *Brown v. Hamill*, 76 Ala. 506; *Munter v. Leinkauf & Strauss*, 78 Ala. 546; *Roswald v. Hobbie & Teague*, 85 Ala. 73; *Cordaman v. Malone*, 63 Ala. 556; *Scarborough v. Malone*, 67 Ala. 570; *Hogan v. Lucas*, 10 Peters, 400.

JNO. C. EYSTER, contra, cited 2 Freem. Executions, § 261, p. 827, note; *Cordaman v. Malone*, 63 Ala. 556; *Dunlap v. Clements*, 18 Ala. 778.

[Watson v. Simmons.]

STONE, C. J.—It is objected before us, that the petitioners did not, in the court below, introduce the best, or primary evidence of the proceedings in detinue, under which the horses levied on were placed beyond their control, or power to deliver in discharge of the forthcoming bond they had executed. If this objection had been raised in the court below, it would doubtless have been sustained. Secondary evidence, if objected to, can not be received, unless the failure to produce primary is sufficiently accounted for. But parties may try their cases on secondary, or illegal evidence, if they choose to do so. The question can not be raised in this court for the first time. *Rice v. Tobias*, 89 Ala. 214; *Glennon v. Mittenight*, 86 Ala. 455; *Perry Co. v. S., M. & M. R. R. Co.*, 65 Ala. 391, 396; 3 Brick. Dig. 403, § 595.

Before the hour arrived for the delivery of the property to the sheriff in exoneration of the sureties, the same officer, by another deputy, had seized the horses under a statutory writ of detinue, at the suit of a third person claiming them. The levy or seizure was sufficient, and placed the property without the control of the bondsmen.—2 Freem. on Ex. § 261 *et seq.*; *Abrams v. Johnson*, 65 Ala. 465.

In *Bolling v. Vandiver* at the present term [*ante*, p. 375], speaking of the bondsmen of personal property which had been levied on, and restored to the defendant in execution, on the execution by him of a forthcoming bond with sureties, we said: "If such property is afterwards taken from them under a paramount title or lien, or under valid judicial proceedings, this excuses them from the delivery of the property, and discharges the obligation of the bond, so far as to render invalid a return of forfeiture by the levying officer. The law will not punish the failure to do that which itself has rendered impossible to be performed."—*Cole v. Conolly*, 16 Ala. 271; *Dunlap v. Clements*, 18 Ala. 778; *Glover v. Taylor*, 41 Ala. 124; *Cordaman v. Malone*, 65 Ala. 556.

It is objected to the relief sought in this case, that the writ in detinue, under which the property was a second time seized, may have been collusive and fraudulent, and therefore the execution should not have been quashed. We would not controvert the proposition, that if Simmons, the defendant in execution, caused the seizure under the detinue writ to be made for his own benefit, and not in *bona fide* assertion of adverse right in the person suing in detinue, this would be a full answer to all relief claimed under the proceedings in *supersedeas*. But, in the absence of proof, we can not presume such was the case. The writ in detinue must needs have been preceded by an affidavit of ownership, and by a bond, made

[Nelson v. Kelly.]

and executed by the plaintiff in that suit; and to that suit Simmons, having the property in possession, was the defendant.—Code of 1886, § 2717. This, at least, raised the presumption of regularity, and cast the burden of proving the contrary on Watson, if he alleged collusion and fraud. There is no such proof in the record.

Affirmed.