# McCrossin *v.* Davis.

*Action of Detinue.*

1. *Estray; title of "taker up."*—The taker up of an estray who proceeds according to the statute is invested with a qualified property in the animal, and, upon his complying with the statute, he may become the absolute owner after the expiration of twelve months.

2. *Same; burden of proof as to compliance with statute.*—The requisitions of the statute relating to estrays are necessary muniments of title, against the owner, and it is incumbent upon one who relies upon such a title to see that the statute has been complied with, and to preserve the evidence to show such compliance.

3. *Same; evidence.*—Where in detinue, by the original owner, to recover a mule the defendant claimed title from one who purchased the mule as an estray, after it had been appraised, at $25.00, evidence by the proper probate judge that he was "satisfied that the advertisement was duly made," is insufficient to show that the provisions of Code 1886, §§ 1343, 1344 were complied with.

4. *Same.*—Where the plaintiff established his ownership and the record fails to show that the proceedings were in compliance with the statutes relating to estrays, (Code, 1886, §§ 1343, 1344), a judgment for plaintiff is proper.

APPEAL from the Circuit Court of Jefferson.

Tried before Hon. JAMES B. HEAD.

This was an action of detinue brought by Bob Davis against P. McCrossin to recover a mule.

On the trial of the cause, as is shown by the bill of exceptions, the plaintiff testified that the mule which was taken from him on January 13, 1891, and delivered to McCrossin in Birmingham, was the mule he had traded for with one King. This mule was particularly described; and it was shown that King bought the same mule from Baines, and that Baines bought the mule from Null, and that Null bought

said mule from one Fox, who testified that he brought the mule into the county.

The testimony for the defendant was as follows: E. J. McCrossin testified that on the 23d September, 1889, he purchased from Peter Miller a mule which was taken under the writ of detinue in this suit, and that shortly after he bought the mule Miller carried him off, and he did not see him again for about fifteen months; that on recovering the mule he sold him to P. McCrossin the defendant in this suit, who has had the mule ever since.

W. P. McCrossin's testimony was the same as that of E. J. McCrossin. It was admitted that the estray proceedings before the justice of the peace complied with the statutory requirements in full. J. L. Prickett testified that on the 27th September, 1888, he took up one black mule which corresponded with the description previously given. It was admitted that the mule was the property appraised and a proper bond had been made, and that the fee for advertising had been paid to the judge of probate of Jefferson county; and that the mule was appraised at $25.

M. T. Porter the probate judge of Jefferson county identified the estray records of the Probate Court in which were the following entries: Name of taker up, before what officer taken; justice of the peace, name of appraisers, the value and description of the mule, and there was also on the estray records a receipt for $12.50 from J. L. Prickett "In full payment of an estray bond which was given and approved for the sum of twenty-five dollars." The probate judge testified "that he was satisfied that the advertisement was duly made." "It was admitted that Prickett sold the mule described in the estray papers to Peter Miller sometime during the year 1899."

This was all the evidence shown by the bill of exceptions, and the court rendered judgment for the plaintiff, which judgment is here assigned as error.

J. Q. COHEN, for the appellant.

THOMAS W. OWEN, for the appellee.

COLEMAN, J.—Appellee Davis sued the appellant in detinue to recover a mule. The action was tried by the court under the statute, without the intervention of a jury. The court rendered judgment for the plaintiff. The only error assigned is as to the judgment rendered. We are of the opinion, that the identity of the mule is sufficiently es-

[McCrossin v. Davis.]

tablished by the evidence. The only material question is whether the estray proceedings sufficiently complied with the statute, to give the purchaser who purchased the mule as an estray, and through whom the defendant derived title, a valid title against the original owner.

The taker-up of an estray, who proceeds according to the statute, is invested with a qualified property in the animal, and upon his complying with the statute, he may become the absolute owner after the expiration of twelve months. *Hudgins v. Glass,* 34 Ala. 110; *Stephenson v. Brunson,* 83 Ala. 455. The title thus acquired does not rest upon the judgment of any court, condemning the animal to sale, or decree investing the taker-up with the ownership upon ascertaining that the requirements of the statute have been complied with. The title is made to pass, upon complying with the statute. The requisitions of the statute are necessary muniments of title, against the original owner, and it is incumbent upon one who relies upon such a title to see that the statute has been complied with, and to preserve the evidence to show such compliance. The decisions are numerous which hold that "estray" proceedings are *stricti juris,* and the burden is on him who claims under title thus acquired to show affirmatively that the statute has been strictly complied with.—*Dillard v. Webb,* 55 Ala. 468; *Cory v. Dennis,* 93 Ala. 440; *Stewart v. Hunter,* 8 Amer. St. Rep. 267; *Ib.* 272; *City of Fort Smith v. Dodson,* 51 Ark. 447; 14 St. Rep. 62, and note.

The record fails to inform us that the following provisions of the Code were complied with: Sections 1343, 1344.

The mule was appraised at more than twenty dollars. The proof does not affirmatively show that sections 1340 and 1342 of the Code as to the advertisements of the estray were complied with.

We find no error in the conclusion of the court, and the judgment must be

Affirmed.