# Ryall *v.* Smith.

## *Action of Detinue.*

1. *Detinue; where title to stock claimed through impounding; burden of proof.*—In an action of detinue to recover possession of stock when title to the property is claimed through an impounding under the statute establishing a stock district, the burden is on the person who claims under such title to show affirmatively that such statute has been strictly complied with.

2. *ame; same; irregularity of sale.*—Where stock is impounded under an act "to prevent stock from running at large in certain parts of Marengo county," (Acts, 1892-93, p. 492), and the owner of the stock being unknown a notice of sale is posted, but in said notice there is not a correct or accurate description of how the stock is marked as is required by the statute, and the stock is sold a day after the date the notice stated it would be sold, such sale of stock is inoperative to convey a title to the purchaser; and in an action of detinue by the true owner against the purchaser who claims under said sale, the plaintiff is entitled to the general affirmative charge.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was a statutory action of detinue brought by the appellant, J. S. Ryall, against the appellee, William Smith, to recover possession of a yearling or calf.

The defendant pleaded the general issue and also a special plea, designated as "1—4:" "Defendant for further plea says that he is a resident citizen of Spring Hill precinct, Marengo county, Alabama, and that Spring Hill precinct is in that portion of Marengo county where stock are by law prohibited from running at large. That the stock described in the plaintiff's

complaint were trespassing upon the lands other than the owner's; that said stock were trespassing upon the lands that were in possession of your defendant; that he took up said stock and impounded them in a safe place of keeping, giving them necessary food, water and attention; that the owner of said stock was unknown; that he gave notice within 24 hours by posting notices in three public places in the neighborhood: 'Notice of sale; received at my pound, one mile west of Old Spring Hill, Alabama, brown steer calf, marked, smoothe crop in each ear; unless steer is claimed by the owner, it will be sold eight days after the date of this notice at the postoffice at Old Spring Hill, Alabama.  (Signed.) William Smith, Pound Keeper.'  That Old Spring Hill postoffice is a public place within the neighborhood where the stock was impounded; that on the 8th day after he posted said notices he sold said stock to Assie Gilbert for the sum of three dollars; that said stock was trespassing on the crops of defendant."

The case was tried upon issue joined upon these pleas.

The evidence introduced shows that the stock sued for was taken up by the defendant while it was trespassing upon defendant's crop; that the defendant lived within a district in which stock was not allowed to run at large.  The other facts are sufficiently stated in the opinion.

The plaintiff requested the court to give the jury the general affirmative charge in its favor, and duly excepted to the court's refusal to give said charge.  There were verdict and judgment for the defendant, and plaintiff appeals and assigns as error the refusal of the court to give the general affirmative charge in its favor, as requested.

CANTERBURY & GILDER, for appellant.—The general affirmative charge requested by the plaintiff should have been given.  The evidence showed that the notice did not correctly describe how the stock was marked. Acts 1892-93, 492; *Webb v. Dillard,* 55 Ala. 468; *Ryall v.*

*Epps,* 122 Ala. 662; *McCrossin v. Davis,* 100 Ala. 631; *Smoot's case,* 68 Ala. 539.

J. M. MILLER, *contra.*

HARALSON, J.—The case was tried on the plea designated in the record, page 7, as 1-4, where it is copied in full. It is also set out in the bill of exceptions.

In respect to suits of this character, when title to property is claimed through an impounding under the statute establishing a stock district in which stock is not allowed to run at large, the burden is on him who claims under such title to show affirmatively that such statute has been strictly complied with.—*Ryall v. Epps,* 122 Ala. 662; *McCrossin v. Davis,* 100 Ala. 631.

The evidence in this case tended to show without conflict, that the property sued for belonged to the plaintiff, and unless the sale of it by the defendant under the act, "To prevent stock from running at large in certain parts of Marengo county," (Acts, 1892-93, p. 492), divested the title out of him and into the defendant, the plaintiff was entitled to recover.

The statute requires that "if the owner of the impounded stock is not known, notice shall be given in twenty-four hours, by posting notice in three public places in the neighborhood in which stock is impounded; such notice shall describe said stock, giving marks and brands, and state, that unless such stock is claimed by the ower thereof, it will be sold at some particular public place in the neighborhood, on the eighth day after the date of said notice." The notice in this case, which is set out in the plea, describes the stock as "one brown steer calf, marked, smooth crop in each ear."

The plaintiff, after testifying that the steer in dispute was his property, gave its marks as "smooth crop, split and an underbit in each ear." The defendant also testified that such were the marks of the animal. The proof, therefore, failed to show that the notice of sale gave the marks as required by the statute, but it did show that the real marks were different from the one given in the notice for sale.

Furthermore, the notice was dated May 23d, 1901,

and stated that "unless steer is claimed by the owner, it will be sold eight days after the date of this notice, at the P. O., at Old Spring Hill, Alabama," and the proof shows, without conflict, that it was sold on the first Saturday in June thereafter. That day was the 9th day after the 23d of May, the day after the day the notice gave as the one on which the steer would be sold. The sale was inoperative, therefore, to convey the title to the purchaser at such sale, and the court erred in refusing to give the general charge as requested by the plaintiff.

Reversed and remanded.