(86 South. 108)

TANNEYHILL v. BENNETT. (6 Div. 686.)

(Court of Appeals of Alabama. Jan. 13, 1920.)

1. ANIMALS ⬦106 — CLAIMANT OF TITLE THROUGH IMPOUNDING MUST SHOW COMPLIANCE WITH STATUTE.

In an action for conversion of hogs against one claiming through an impounding under Loc. Acts 1900–01, p. 2259, designed to prevent hogs from running at large in Jefferson county, the burden was on the defendant to show affirmatively that the statutes had been complied with.

2. ANIMALS ⬦106—TITLE UNDER IMPOUNDING HELD NOT SHOWN.

In an action for conversion of hogs claimed by defendant through an impounding under Loc. Acts 1900–01, p. 2259, designed to prevent hogs from running at large in Jefferson county, evidence on the part of the defendant as to compliance with the statute held not to measure up to that degree of proof that is required of him as to compliance with the statute, and an affirmative charge in favor of plaintiff should have been given.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Detinue and conversion by John Tanneyhill against J. G. Bennett. Judgment for

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 203 Ala. 370.

plaintiff, and defendant appeals. Reversed and remanded.

Certiorari denied by Supreme Court. 204 Ala. 390, 86 South. 109.

The action was to recover for the conversion of, or, to recover the property in one large white sow and her seven shoats. There seems to be no dispute but that the hogs belonged originally to Tanneyhill, but that the hogs were taken up by Bennett, who went before one Griffith, the justice of the peace, and made complaint that the hogs were trespassing on his land and that the owner was unknown. The animal was described as one white hog, female, which was sold to Bennett for $20. The shoats were not taken up. The evidence was rather vague and uncertain as to notices.

Pinkney Scott, of Bessemer, for appellant.

The docket of the justice, in the shape it was in, was not competent evidence. 138 Ala. 145, 34 South. 1009. There was not sufficient proof of notice, and the court erred in admitting what evidence there was as to notice. 100 Ala. 631, 13 South. 607; 122 Ala. 662; 138 Ala. 145, 34 South. 1009. On these authorities, plaintiff was entitled to the general charge.

Ben G. Perry, of Bessemer, for appellee.

Local Laws 1901, p. 564, §§ 9, 11, were complied with, and the judgment was in conformity with section 5891, Code 1907. Damages claimed prior to the filing of the suit are not recoverable, unless demand has been made. 5 Ala. 304; 146 Ala. 230, 40 South. 940.

MERRITT, J. The appellant brought a suit to recover of the appellee "one large white sow, with one black spot on one hip." There was no denial of the original ownership of the appellant, but the appellee claimed the property through an impounding under Local Acts 1900–01, p. 2259, "to prevent hogs from running at large in Jefferson county, Alabama."

[1] It appears to have been an unvarying rule that, in respect to suits of this character, when title to property is claimed through an impounding where stock run at large, in a stock law district which prohibits the same, that the burden is on him who claims under such title to show affirmatively that such statute has been complied with. Ryall v. Smith, 138 Ala. 145, 34 South. 1009; Ryall v. Epps, 122 Ala. 662, 26 South. 1033; McCrossin v. Davis, 100 Ala. 631, 13 South. 607.

The act referred to provides that, where damages are claimed for stock injuring or destroying the crops of another and the parties cannot agree on the amount, either party may go before a justice of the peace and have the issue tried "on a written statement or complaint, setting forth in substance the facts of such seizure," etc. The evidence in this case fails to show that this written statement was filed, or the contents of it. It was claimed in this case that the owner of the property seized was unknown, and it therefore became necessary, under the provisions of the act, that when stock was taken up "24 hours' notice of such seizure shall be given by posting up written notice of such seizure, describing the property so seized." The justice of the peace testified that he posted a notice at his house; but he produced no copy, nor the original, and was unable to tell its contents, considering his right to do so.

The act further provides that, should the property be ordered sold the person making the sale should give 3 days' notice of such sale, by posting a written or printed notice at three public places in the precinct. While the act does not prescribe what the notice should contain, except that of the sale, and while the constable testified in the instant case that he posted three notices at three public places in the beat, neither the original nor a copy was produced, and over the objection of the plaintiff he was allowed to testify as to the contents of the notice. He stated that the notice described the sow as being a "white and red sow, crop in right ear and split in left ear." This certainly was not a description of the sow sued for, the one shown to have been taken up, nor the one ordered sold by the justice of the peace.

[2] The plaintiff lived in an adjoining beat; his property purports to have been taken up, owner unknown, condemned, advertised, and sold all within the period of 10 days, and not a written or printed word of the alleged notices was offered in evidence, and the testimony of the contents, if legally admissible, was conflicting and uncertain, and we do not feel that the defendant measured up to that degree of proof that is required of him before he can successfully claim such title to the plaintiff's property as would divest him of the same, and that under the evidence the general affirmative charge, as requested in writing, should have been given for the plaintiff.

Reversed and remanded.

## On Rehearing.

We have given the most careful consideration to the application for rehearing in this case, and are still of the opinion that our former opinion correctly states the law governing this case. A further consideration of the case also shows that there was error in giving the written charge requested by the defendant. If a demand was necessary on the part of the plaintiff in this case, which we do not decide, the testimony tends to show such was made and possession refused.

Application overruled.