(86 South. 52)

HARDUVAL et al. v. MERCHANTS' & MECHANICS' TRUST & SAVINGS BANK et al. (6 Div. 968.)

(Supreme Court of Alabama. April 8, 1920.)

1. Appeal and error ⚖️150(1)—Judicial sales ⚖️50(1)—"Purchaser at judicial sale" is a quasi party, bound by decree and entitled to appeal.

A "purchaser at judicial sale," one whose offer is accepted by the officer authorized to make the sale, subject to confirmation by the court in due course, acquires vested rights and title to protection, and subsequently is a quasi party to the proceeding, being bound by the decree of confirmation or rejection, and subject to the court's orders with respect thereto, having right to appeal from any final order or decree injuriously affecting his rights.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Purchaser.]

2. Judicial sales ⚖️31(1)—Purchaser entitled to have confirmation in absence of misconduct, fraud, etc.

A purchaser at judicial sale is entitled to have the sale confirmed by the court in the absence of irregularity, misconduct, fraud, mistake, or gross inadequacy of price amounting in itself to fraud.

3. Banks and banking ⚖️77(5)—Offer for leases and contracts of insolvent bank, unapproved by court, gave bidders no rights.

Where the receivers of an insolvent bank merely took a bid for its leases and contracts, and did not accept it, but reported it to the court for approval, which referred the case to the register to ascertain what would be a fair price, and whether the sum offered was fair, the register reporting the bid was fair, there was no binding sale, and the court could set aside register's report and order receivers' petition for authority to sell to the bidders dismissed.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

John Harduval and Peter Goulas offered to purchase certain leasehold and other interests of the defunct Merchants' & Mechanics' Trust & Savings Bank, then being administered by receivers, and from an order of the court overruling the report of the register and refusing to confirm their bid, they appeal. Appeal dismissed.

Weatherly, Deedmeyer & Birch, of Birmingham, for appellants.

The appellants were parties to a judicial sale. Sections 5511 and 5512, Code 1907; 35 Ala. 503, 76 Am. Dec. 297; 101 Ala. 15, 13 South. 343; 97 Ala. 393, 12 South. 69; 63 Ala. 383; 64 Iowa, 91, 19 N. W. 850; 67 Vt. 514, 32 Atl. 467; 59 N. J. Eq. 342, 45 Atl. 116; 21 N. E. 97; 129 U. S. 73, 9 Sup. Ct. 246, 32 L. Ed. 608; 118 Ala. 215, 23

South. 810; 56 Ala. 295; 73 Ala. 85. Confirmation cannot be opposed by parties not privy to the proceedings. 24 Cyc. 35; 45 Md. 85. The bid was not shockingly inadequate. 108 Ala. 140, 18 South. 938; 24 Cyc. 36. The chancellor and the appellate court should indulge all reasonable presumptions in favor of the report of the register. 105 Ala. 240, 16 South. 720; 112 Ala. 449, 20 South. 527; 168 Ala. 354, 52 South. 946; 195 Ala. 548, 70 South. 685; 61 Ala. 270.

London, Yancey & Brower and Beddow & Oberdorfer, all of Birmingham (A. G. & S. P. Smith and Garber & Garber, all of Birmingham, of counsel), for appellees.

No appeal will be sustained from an interlocutory decree. Only parties or privies to a judgment or decree can appeal therefrom, or assign errors as to same. 1 Encyc. Dig. Ala. Rep. p. 330, § 138; 3 C. J. p. 616, § 466.

Code section 2884, as amended by the act approved April 21, 1911 (Acts 1911, p. 589), while authorizing any party to appeal in his own name, has not changed the rule that only parties or privies can appeal.

A judicial sale is, in the contemplation of law, a sale by the court. The court is the vendor. 17 Am. & Eng. Encyc. of Law (2d Ed.) 953; Neligh v. Keene, 16 Neb. 407, 20 N. W. 277; Emerick v. Miller, 62 N. E. 284. See 159 Ind. 317, 64 N. E. 28; Rorer, Judicial Sales, §§ 1 to 4, and 148.

A purchaser at a judicial sale, by the acceptance of any bid, becomes a party in such sense that he may appeal from an order setting aside or refusing to confirm the sale. 3 C. J. p. 652, § 520; Blossom v. R. R. Co., 3 Wall. 196, 210, 18 L. Ed. 43.

It is the making of the bid, thereby submitting the bidder to the jurisdiction of the court, and its acceptance by the officials making the sale, that makes the bidder a quasi party. 3 C. J. p. 653; Newland v. Gaines, 1 Heisk. (Tenn.) 720.

At a sale by a master of the receiver, under an order or decree in equity which contemplates a subsequent report and confirmation of the sale, the bidder becomes the purchaser when the officer announces the sale to him. Thereafter, he may be compelled to complete his purchase and pay the price which he offered. Files v. Brown, 124 Fed. 133, 137, 59 C. C. A. 403.

SOMERVILLE, J. [1, 2] A purchaser at a judicial sale, that is, one whose offer to purchase is accepted by the officer authorized to make the sale, subject to confirmation by the court in due course, acquires vested rights which are entitled to protection. Thenceforward he is a quasi party to the proceeding, is bound by the decree of confirmation or rejection, and subject to the orders of the court with respect thereto. 16 R. C. L. 113, § 81; Haralson v. George, 56 Ala. 295. He may, of course, appeal from any final order or decree injuriously affecting his right as purchaser. Glennon v. Mittenight, 86 Ala. 455, 5 South. 772; Blossom v. Milwaukee, etc., R. Co., 1 Wall. 655, 17 L. Ed. 673. And he is entitled to have the sale confirmed, in the absence of irregularity, misconduct, fraud, mistake, or gross inadequacy of price amounting in itself to fraud. Littell v. Zuntz, 2 Ala. 256, 36 Am. Dec. 415; Cockrell v. Coleman's Adm'r, 55 Ala. 583; Glennon v. Mittenight, 86 Ala. 455, 5 South. 722; Helena Coal Co. v. Sibley, 132 Ala. 651, 32 South. 718.

The foregoing principles are, however, applicable only to purchasers, and manifestly not to unaccepted bidders.

The decisive question in the instant case is therefore whether the appellants, Harduval and Goulas, were purchasers at judicial sale. The petition filed by the receivers on July 11, 1919, recites that said parties "have proposed to purchase all of said leases and contracts, and to assume all of said rights, duties and liabilities in the form of said proposed contract attached hereto as Exhibit A, and in consideration of such purchase and assumption propose to pay your receivers fifteen thousand dollars," etc. It is further recited that the execution of said contract will be to the best interest of the estate of the insolvent bank; and the prayer is that, either with or without a reference, they be authorized to execute said agreement in the form presented. On July 14, the court ordered a reference, directing the register to ascertain (1) what would be a fair and reasonable price for the lease; and (2) whether the sum offered by Harduval and Goulas ($15,000) was a fair and reasonable price under the terms and conditions proposed. On July 28, the register reported that $15,000 was a fair and reasonable price, and that that sum was fair and reasonable under said terms and conditions. On September 28, the court set aside the register's report, and ordered that the receivers' petition for authority to sell the lease to Harduval and Goulas be disallowed and dismissed.

It is perfectly clear from the record that the receivers never did sell the lease to appellants, but merely received from them an offer upon the terms noted in the proposed contract, and brought their proposition before the court for its acceptance if approved. In directing the register to ascertain and report upon the fairness of the price and terms proposed, the court clearly did not bind itself to accept the offer, even if the register reported that it was fair and reasonable. Such a report was purely informatory and advisory upon its face.

We have found no authority, and counsel have cited none, holding that the mere receipt of a bid, even by an officer authorized to sell, becomes ipso facto a binding sale. In

this case, the receivers made no sale and reported no sale. They reported merely a bid upon specified terms, and until that bid was actually accepted by the court, or by its officers authorized thereto, there was no semblance of a judicial sale, and neither the court nor the bidders could be bound thereby. "A bid at a judicial sale is a mere offer. There is no sale of the property until it has been struck off to the bidder. * * * The highest and best bidder in such case acquires no right to compel a conveyance of the property to him, for the reason that until the property is knocked off there is no acceptance of his offer, and no contract." 16 R. C. L. 66, § 47.

We need not discuss the power of these receivers, under sections 3511 and 3512 of the Code, to sell this property without an order or authorization from the court, since they have not attempted to exercise such a power. Authorities on that subject will be found cited in 34 Cyc. 313, c; 16 R. C. L. 25, § 19; 135 Am. St. Rep. 918, note.

[3] It results from the foregoing conclusions that the appellants acquired no standing as purchasers of this property, were not legally prejudiced by the rejection of their bid, and are not entitled to review any action of the trial court in the premises.

The appeal will therefore be dismissed.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes