(86 South. 109)

## Ex parte BENNETT.

## TANNEYHILL v. BENNETT.

### (6 Div. 99.)

(Supreme Court of Alabama.  June 26, 1920.)

**1. Animals ⌫106 — Person claiming title through impounding has burden of proof.**

In suits for the recovery of personal property, when its title is claimed by defendant through an impounding, burden is on defendant to show affirmatively that necessary statutory requirements have been complied with.

**2. Evidence ⌫178(13)—Parol evidence as to notices posted in impounding proceeding admissible on loss of notices.**

Where it was shown that notices posted in an impounding proceeding, under Loc. Acts 1900–01, p. 2259, designed to prevent hogs from running at large in Jefferson county, had been lost or destroyed, parol evidence was admissible to show the contents of such notices.

**3. Animals ⌫106—Action in conversion by owner held not adversary proceeding under impounding statute.**

An action for conversion of hogs against one claiming title under an impounding under Loc. Acts 1900–01, p. 2259, designed to prevent hogs from running at large in Jefferson county, was not an adversary proceeding for the ascertainment of damages and costs, contemplated by section 9 thereof, where the owner was unknown to the defendant at the time he took the hogs, at which time the required 24-hour notice of seizure was attempted to be given by posting under the statute.

**4. Certiorari ⌫68—Findings of fact of Court of Appeals conclusive on Supreme Court.**

Findings of fact by the Court of Appeals are binding on the Supreme Court on certiorari.

Certiorari to Court of Appeals.

Petition by J. G. Bennett for certiorari to the Court of Appeals to review and revise the judgment and decision of said court rendered in the case of John Tanneyhill v. J. G. Bennett, 86 South. 108.  Writ denied.

Perry, Mims & Green, of Bessemer, for appellant.

Under Perry's Local Acts for Jefferson County, p. 567, a written statement or complaint was not necessary to be filed with the justice of the peace.  The proper predicate having been laid, showing the loss and destruction of original notices, parol evidence was admissible to show their contents.  3 Port. 430; 10 Ala. 460; 20 Ala. 485; 91 Ala. 567, 8 South. 347; 170 Ala. 522, 54 South. 494.  A demand and refusal to deliver was essential to sustain claims for damages prior to the filing of the suit.  5 Ala. 304; 146 Ala. 230, 40 South. 940.

Pinkney Scott, of Bessemer, for appellee.

The opinion of the Court of Appeals is sufficient answer to the application for certiorari.

THOMAS, J.  The action was detinue and for conversion.

[1, 2] It is settled in this jurisdiction that in respect to suits for the recovery of personal property when its title is claimed through an impounding—where stock runs at large in a district in which this is prohibited—the burden is on him who claims under such title to show affirmatively that the necessary statutory requirements had been complied with.  McCrossin v. Davis, 100 Ala. 631, 13 South. 607; Ryall v. Epps, 122 Ala. 662, 26 South. 1033; Ryall v. Smith, 138 Ala. 145, 34 South. 1009.  The proper predicate having been laid at the trial, showing the loss or destruction of the original "notices," etc., on which the validity of the alleged impounding was rested, parol evidence was admissible to show the contents thereof.  Thomas Bros. v. Williams, 170 Ala. 522, 54 South. 494; Watson v. Simmons, 91 Ala. 567, 8 South. 347; Patton v. Rambo, 20 Ala. 485; Andrews v. Jones, 10 Ala. 460; Wiggins v. Pryor, 3 Port. 430, 434.

By section 9 of the local act (Loc. Acts 1900–01, p. 2262) having application, it is provided that any person who is the owner of or in the lawful possession of land, or the agent, shall have the right to take possession of any animal named in the act, if found uncontrolled on the premises of such person; and when so taken (1) "shall notify personally the owner of such animal when known, or by leaving such notice at the usual place of residence of such owner within twenty-four hours after such seizure.  (2) If the owner is unknown, twenty-four hours' notice of such seizure shall be given by posting up written notice of such seizure, describing the property so seized, at the usual place of residence of the nearest justice of the peace in said county."

Provision is made by section 10 that the owner of any animal so seized shall have the right to possession thereof by paying damages, fees, costs, and expenses; but, should the parties be unable to agree on such due amounts, either party shall have the right to go before any justice of the peace in the beat where such stock is seized, or the nearest justice of the peace, should there be none in the beat, and have the issue tried on a written statement or complaint setting forth in substance the facts of such seizure, first giving the opposite party one day's notice.  This is the proceeding where or when the owner becomes known; it does not apply to an owner that is unknown.  The "statement or complaint" provided to be

---

⌫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

filed with said justice of the peace is the introduction of the statutory proceeding to obtain an adjudication of damages, costs, fees, and expenses, after the owner ha's failed to agree with the party taking up his stock, when such owner is seeking to repossess it on payment of the amount due. Terry's Local Laws of Jefferson County, p. 567.

[3] The instant case was no such adversary proceeding for the ascertainment of damages and costs, and the provisions of section 10 are without application. If the animal was found on defendant's premises when taken up, and its owner was then unknown to the party so taking the property, 24 hours' notice of the seizure was required by statute to be given by posting written notices at the usual place of residence of the nearest justice of the peace in said county, describing the property seized. If such written notice of the seizure was posted for the requisite time, at the usual place of residence of the nearest justice of the peace of the county, and the same was shown at the trial to have been lost or destroyed, parol evidence of its contents would be admissible in a trial of the right of property or for its conversion.

[4] The Court of Appeals finds that the constable testified that the notice 'posted pursuant to statute described the sow as being a "white and red sow, crop in right ear and split in left ear," that this "was not a description of the sow sued for," and that such description was not of the sow shown to have been taken up or the one ordered sold by the justice of the peace. This is conclusive on this court. Postal Tel. Cable Co. v. Mindderhout, 195 Ala. 420, 71 South. 91, and being the finding of a fatal variance, reversal and remandment of the case was proper on this point.

The writ is denied.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and BROWN, JJ., concur.