(89 South. 32)

## SCOTT v. FLOYD. (8 Div. 340.)

(Supreme Court of Alabama. May 12, 1921.)

1. Animals ⬤⟿49—Stock law ordinances given reasonable construction.

While stock law ordinances are to be strictly construed, the court is not called upon to give an unreasonable or absurd construction to the language used.

2. Animals ⬤⟿51—Impounding for running at large lawful, though not on streets when impounded.

Under a city ordinance making it unlawful for certain animals to run or be at large on the streets, and providing a penalty for any person knowingly or willfully permitting or allowing any of such animals to run or be at large within the corporate limits, and providing that, if any such animal should be caught running at large on the streets, the chief of police should take charge of it and impound it, it was not necessary that an animal which had been running at large on the streets should have been on the street at the time the chief of police took possession of it.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Suit in detinue by G. E. Scott against Alex Floyd for the recovery of one yearling. The cause was tried before the court without a jury, resulting in a judgment for the defendant, and plaintiff appeals. Affirmed.

The plaintiff was the owner of the yearling, and had it out for pasturage on the property of the Sewanee Iron Company, about three-fourths of a mile from Russellville, Ala. The defendant was the chief of police of said municipality, and took charge of the yearling under the stock law ordinance so providing. One Hill testified that his property adjoined Washington and Jackson streets, and that he found this yearling in his yard early one morning; that "it was loose, and not tied to a rope," and there was no fence between his yard and Jackson street, and there was no way for the animal to have gotten in his yard without either going through on Jackson or Washington street. He [Hill] notified the marshal, and the defendant came up and got the yearling. The defendant testified he put the yearling in the pound, and that at the time of the suit had charge thereof in his official capacity, under the city ordinance.

From the cross-examination of the plaintiff it could have been inferred that this was the second time the yearling had come within the corporate limits, and that the animal could not have gotten on Hill's property without going through one of the streets.

Chenault & Guin, of Russellville, for appellant.

Travis Williams, of Russellville, for appellee.

GARDNER, J. The plaintiff sought to recover one yearling in the possession of defendant, in his official capacity as chief of police of the municipality of Russellville under the provisions of an ordinance of July 22, 1919, which was offered in evidence.

Counsel for appellant argued but one question upon this appeal; that is, to the effect that, giving the language of the ordinance a strict construction, and following the decisions requiring a strict compliance therewith as in cases of this character (Ryall v. Epps, 122 Ala. 662, 26 South. 1033; McCrossin v. Davis, 100 Ala. 631, 13 South. 607), the evidence is insufficient to justify the defendant as an officer impounding the animal, and that the trial court erred in the judgment rendered.

There is no occasion for a discussion of the evidence. Suffice it to say we have given it careful consideration, and the conclusion is reached that the proof was sufficient to justify the trial court in finding that the animal had in fact been running at large on some of the streets of the municipality of Russellville. The trial court had the witnesses before him, and this court would not under the evidence in this case be justified in disturbing the finding upon this question of fact.

Counsel further insists, however, that before the officer can justify his possession of the animal in cases of this character, it must appear that at the time he took possession thereof it was in fact then running at large on the streets; and he bases this insistence upon the language of section 3 of the ordinance, which provides in part that—

"If any such animal shall be caught running at large on the streets of Russellville, the chief of police * * * shall take charge of the same and impound it."

[1, 2] While ordinances of this character are to be strictly construed, yet the court is not called upon to give an unreasonable or absurd construction to the language used. The foregoing is a portion of section 3 of the ordinance, which contains several other sections. The first section makes it unlawful for any such animal "to run or be at large in the city of Russellville on the streets thereof," and section 2 provides a penalty "for any person * * * who knowingly or willfully permits or allows any of the animals mentioned in section one * * * to run or be at large within the corporate limits," and then follows the language of section 3 above quoted.

EX PARTE STATE 677

(205 Ala.)

We are of the opinion, therefore, when the language of section 3 is construed in the light of the other provisions of the ordinance, that it appears the insistence of counsel leads to too narrow and technical a construction, and is entirely out of harmony with the apparent meaning and purpose of the ordinance. We therefore conclude that it is without merit, and that the judgment of the court below should be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.