JONES, Justice.
We must affirm this case, because at the threshold of appellant’s cause is an insurmountable obstacle which renders useless the discussion of any other issue.
The above estate was being administered by the Chancery Court of Lauderdale Coun *821 ty. It consisted of several hundred acres of land.
On June 8, 1964, the following order was entered by the court:

ORDER TO SELL AND CLOSE

This matter having come on for hearing in open court upon petition of Co-Executrixes, Waiver of Curtis A. Brown, Answer of George M. Brown, Jr., Answer of the Federal Land Bank of New Orleans and process and personal process on all other parties in interest, and the Court having heard all evidence and inquired into all pertinent matters here concerned, finds as follows, to-wit:
I
That the Court has jurisdiction of all necessary parties and of the subject matter;
II
That the analysis and conclusions in the petition of Co-Executrixes are correct and reasonable;
III
That the points of clarification made by the instruments filed by the Federal Land Bank of New Orleans and by George M. Brown, Jr., are well made.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Co-Executrixes be and they are hereby authorized and directed to sell any or all of the residuum (farm property) of this estate in a block or in several tracts, as expeditiously as possible, at the best price available, subject, however, to (1) the approval of this Court as to price and terms; (2) the existing deeds of trust for the benefit of the Federal Land Bank of New Orleans; (3) the provisions of the Brown Family Agreement relating to a certain 240 acres of said land, the proper interpretation of which agreement this Court will not rule upon, unless a situation arises which causes said terms to be properly brought up before it for interpretation.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Co-Executrixes be and they are authorized and directed to take all funds derived from said sale of land, pay therewith all legal obligations, expenses and other legally required items. Additionally, they are to do each and every thing necessary to promptly close this estate, in Term Time or Vacation time, disburse all assets as directed by will and acquire approval and release from this Court.
The petition prayed that the court “direct and order your Co-Executrixes to do each and every thing necessary and incidental to sell all or any part of the residuum, pay obligations, expenses * * * ”, etc.
Later, appellant, claiming to be the purchaser of 21.87 acres of land under the order of June 8, 1964, petitioned the court to confirm such alleged sale to him. The petition alleged:
“The Executrices, acting as officers of this Court pursuant to Exhibit A, and pursuant to their own petitions, Exhibits B and C attached hereto and incorporated by reference, by and through their attorney of record, Honorable William E. Ready, also an officer of this Court, negotiated through their authorized agent, Mr. Jackie Jackson, with the petitioner, John D. McWilliams, to sell to the petitioner approximately 22 acres of the Mollie Victoria Brown Estate, being all that part of said Estate lying West of New Highway 39 in Lauderdale County, Mississippi.
“ * * * The said Executrices, through Mr. Ready and Mr. Jackson, agreed on or about July 10, 1964, to sell said land on the following terms: *822 At $150.00 per acre, with $250.00 down as earnest deposit and the total cash price when the sale was approved by this Honorable Court. * * * ”
The chancellor denied the petition.
Aside from the fact that we have been cited and have been able to find no law that an executor may appoint an agent who shall possess the discretion and judgment vested by appointment and orders of the court in the executor (nor do we find that the attorney for the estate has same) so as to bind the executor, it is apparent that the order of the court did not, as contended by appellant, provide for a judicial sale.
Mississippi Code Annotated section 588 (1956) authorizes the sale of land to pay debts on petition and reads as follows:
When an executor or administrator shall discover that the personal property will not be sufficient to pay the debts and expenses, he may file a petition in the chancery court for the sale of the land of the deceased, or so much of it as may be necessary, and exhibit to the court a true account of the personal estate and debts due from the deceased, and the expenses arid a description of the land to be sold.
Mississippi Code Annotated section 591 (1956) provides for summoning all parties interested.
Mississippi Code Annotated section 592 (1956) covers the hearing and the decree, and is as follows:
The court, after service of summons or proof of publication, shall hear and examine the allegations and evidence in support of the petition, and the objections to and evidence against it, if any. And if on such hearing the court be,satisfied that the personal estate is insufficient to pay the debts of the deceased, and that the land ought to be sold for that purpose, it may make a decree for the sale of a part or the whole of the land; and when a part only is decreed to be sold, the decree shall specify what part; but if the real estate be so situated that a part cannot be sold without manifest prejudice to the heirs or devisees, the court may decree that the whole shall be sold, and the overplus arising from such sale, after the payment of debts and expenses, shall be distributed amongst the heirs according to the law of descents, or amongst the devisees according to the will; and the heir or devisee whose lands shall be sold may compel all others holding or claiming under such intestate or testator to contribute in proportion to their respective interests, so as to equalize the burden of the loss.
In these proceedings the court is divesting title to the lands out of the legatees or heirs and vesting same in the executor or administrator, and compliance with the statute is necessary to effect such divesture.
The petition is to be for the sale of the land of the deceased, “or so much of it as may be necessary”, and there shall be exhibited to the court a true account of the personal estate and the debts due and expenses, together with a “description of the land to be sold.”
The petition did not comply.
The order did not adjudicate, as provided by section 592, supra, that the personal estate was insufficient to pay the debts and that the land ought to be sold for that purpose, nor did it make a decree for the sale of a part or the whole of the land and described no land, title' to which was being divested from the legatees or heirs.
Appellant’s case is based upon the assumption that a judicial sale was made and that he became the purchaser at such sale. The decree was wholly insufficient to order a judicial sale. Cf. Thompson Funeral Home, Inc. v. Thompson, 249 Miss. 472, *823 162 So.2d 874 (1964); Harduval v. Merchants’ & Mechanics’ Trust & Saving Bank, 204 Ala. 187, 86 So. 52 (1920).
The chancellor was correct in denying the petition, and the case is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, INZER and ROBERTSON, TJ., concur.