# Ivie *v.* Stringfellow's Adm'r.

*Bill in Equity to set aside Sale of Lands by Register, and cancel Conveyance to Purchaser.*

1. *Sale of lands by register; when set aside, on reversal of decree.*—When the plaintiff in a decree becomes the purchaser at the register's sale under it, and the decree is afterwards reversed on error or appeal, the purchase will be set aside; but, if a stranger to the decree becomes the purchaser, its subsequent reversal does not affect his rights, unless the decree is void on its face.

2. *Same.*—If the husband is the plaintiff in the decree, and becomes the purchaser at the register's sale, taking a conveyance to his wife, and entering a credit on the decree for the amount of his bid, the wife is a mere volunteer, and can not claim protection as a purchaser against a subsequent reversal of the decree.

35

[Ivie v. Stringfellow's Adm'r.]

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 24th July, 1884, by Mrs. N. M. Stringfellow, the wife of Terrell Stringfellow, who was also joined with her as complainant, " as husband or next friend, one or both, as may be necessary," against Mrs. A. Kate Ivie and her husband, Thomas J. Ivie ; and sought to set aside a sale of certain lands by the register of the court, and the cancellation of a conveyance which he had executed to Mrs. Ivie as the purchaser. The sale was made by the register on the 13th June, 1881, under a decree rendered by said court in March, 1881, in a cause in which said Thomas J. Ivie was the complainant, and said Stringfellow and wife were defendants ; which decree was reversed by this court on appeal, at the instance of the defendants, during the December term, 1882, and a decree was rendered by this court dismissing the bill.—*Stringfellow v. Ivie*, 73 Ala. 209. The chancellor overruled a demurrer to the bill, and, on final hearing on pleadings and proof, rendered a decree setting aside the sale ; and his decree is now assigned as error. Both of the complainants died pending the suit, and the cause was revived in favor of their administrator and heirs at law.

WILLETT, STONE & HODO, for the appellants.—Mrs. Ivie was a stranger to the proceedings under which the land was sold by the register, and the subsequent reversal of the decree does not affect her title.—*Cowles v. Pollard*, 51 Ala. 445. As to the manner in which she acquired the money to pay for the land, that can only be questioned by creditors.—*Davidson v. Lanier*, 51 Ala. 318. As to real estate conveyed to the wife by any other person than the husband, her *status* is not merged in his.—1 Bish. Married Women, § 35, note 4; Schouler's Dom. Relations, 187. By her purchase at the register's sale, Mrs. Ivie acquired such a title as she could have mortgaged to secure the purchase-money.—*Cowles v. Pollard, supra.*

W. F. JOHNSTON, *contra.*—Mrs. Ivie was not a purchaser for value without notice.—*Buford v. McCormick*, 57 Ala. 430 ; *Beall v. McGehee*, 57 Ala. 438; *Wells v. Morrow*, 38 Ala. 128 ; Story's Eq. Pl. § 807; 65 Ala. 542 ; 67 Ala. 9 ; 71 Ala. 75. That notice to the husband is notice to the wife, see 73 Ala. 86 ; 71 Ala. 240; 53 Ala. 162. But the proceedings in the case of *Ivie v. Stringfellow*, under which the sale was made, were void for want of jurisdiction, and Mrs. Ivie acquired no title by her purchase.—61 Ala. 304; 62 Ala.

[Ivie v. Stringfellow's Adm'r.]

201; 54 Ala. 283; 41 Ala. 601; Freeman on Judgments, §§ 116, 117, 120.

STONE, C. J.—When property is sold under execution, or chancery decree, and the plaintiff becomes the purchaser, receiving title, if the judgment or decree be afterwards reversed, his title is left without ground or consideration to rest on, and it will be set aside and vacated. If, however, a stranger purchases and receives title, a subsequent reversal will not furnish ground for setting the sale aside, unless the judgment or decree under which the sale was made is void on its face, in contradistinction to being merely erroneous and reversible. In the first case, setting the sale aside simply restores the parties to their relative rights, held by them before the sale. In the latter case, to set aside the sale would leave the purchaser with his money expended, and nothing realized in its stead.—Freeman on Judgments, §§ 482, 484; *Marks v. Cowles*, 61 Ala. 299. Several reasons are given, why a mere reversible error in the judgment, and subsequent reversal, should not impair the title of a stranger, who purchases while the judgment of a competent jurisdiction is standing, and confers the power to sell. Among them is the patent one, that he is an innocent, *bona fide* purchaser, relying, and having the right to rely, on the solemn judgment of a court of competent jurisdiction. But, to come within the protection of a *bona fide* purchase, there must be a purchase in fact; not the acceptance of a bounty. It implies a parting with something valuable, the surrender of a legal right, or the incurring of a binding obligation, against which defense can not be made, to constitute a *bona fide* purchase, which will prevail over latent equities. *Sweeny v. Bixler*, 69 Ala. 539.

The decree under which the lands were sold, was reversed in this court, and the bill dismissed. The ruling in that case was, that Ivie, the complainant in that suit, had no claim to, or lien on the land in controversy.—*Stringfellow v. Ivie*, 73 Ala. 209. A sale had been made under the decree before the reversal in this court, and A. Kate Ivie, appellant in this case, wife of the complainant in that suit, was set down as the purchaser. She paid no money, but the complainant, her husband, entered a credit on his decree for the amount of her bid, and title was made to her as purchaser. The present bill was filed to vacate, annull, and cancel the deed so made to A. Kate Ivie. We do not doubt the equity of the bill; for, when the decree under which Mrs. Ivie purchased was reversed annulled, all semblance

[Parker v. Marks.]

of equitable right to retain the land was swept away, unless the fact that she was a stranger to the record gave her a better right than her husband, purchasing, would have had. An attempt was made to show she was in fact a purchaser, and not volunteer. The attempt was, to prove that the husband was indebted to the wife, by reason of moneys of her separate estate used and converted by him, and that her bid, instead of being paid in money, was paid by entering a credit on his indebtedness to her. Testimony was taken on this issue, and the chancellor held there was no proof of such indebtedness. The correctness of his ruling in this behalf is neither questioned, nor brought before us for review. We have, then, the case of an apparent purchase by a stranger to the record, but in reality a gift by the complainant to another. She can assert no higher equity than he could assert if the purchase had been made in his name. She is in no sense a purchaser entitled to be protected in equity, but a naked trustee of the legal title for the benefit of the true owner.

　　Affirmed.

