## Snydacker, Admr., etc. v. The Swan Land and Cattle Co.

1. Limitations.—Sec. 70, Ch. 3, R. S., entitled " Administration of Estates," providing that all demands against the estate of a deceased person not exhibited within two years from the granting of letters, etc., shall be forever barred, etc., does not apply to contingent claims, where the right of action does not accrue before the settlement of the estate is closed.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

OTIS & GRAVES, attorneys for appellant.

SWIFT, CAMPBELL, JONES & MARTIN, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This case is precisely like the four cases of Mandel, Harry L. Frank, Lewis E. Frank, and Friend, v. the same appellee (Nos. 4924, 4925, 4926 and 4927, this term), except the defendant in the court below, and appellant here, is in this case sued as the administrator of the estate of Louis Snydacker, deceased. The pleadings are identical with the pleadings in the Mandel case, except that in the case at bar the defendant below interposed the following additional plea:

"For a further plea in this behalf the defendant says, *actio non*, because he says that he was appointed as administrator of the estate of Louis Snydacker, deceased, by the Probate Court of Cook County, Illinois, on the 26th day of February, 1885; that he qualified as such administrator and accepted of said trust, and within six months thereafter gave notice, in the manner and form provided by law, for all persons having claims on said estate of Louis Snydacker, deceased, to attend at the term of said Probate Court within named, for the purpose of having the same adjusted; that on the 2d day of April, 1885, he duly filed an inventory and appraisement of all the estate of said Louis Snydacker, deceased, which was duly approved by the said Probate Court; that more than two years had elapsed since the grant of said letters of administration to him as aforesaid, prior to the commencement of this suit; and that the said plaintiff

Snydacker v. Swan Land and Cattle Co.

has not and did not, at any time within said two years, present to said Probate Court, or exhibit to this defendant, its said claim against said estate, or this defendant as administrator thereof; that the said plaintiff was not and is not under any of the disabilities named, specified and provided by statute in that behalf; and that thereby the said alleged claim of the said plaintiff in the said declaration mentioned, became and was absolutely and forever barred against this defendant as administrator, except as to the estate of the said Louis Snydacker, deceased, which has not been and was not inventoried and accounted for by this defendant as aforesaid ; and this the defendant is ready to verify."

To this plea a demurrer was sustained in the court below and the judgment against the defendant, as administrator, was entered for $453.26, the amount of the call and interest "payable in due course of administration," to which the appellant excepted.

For the facts and our conclusion upon the main question, we refer to and adopt for the purposes of this cause, the opinions in the cases mentioned.

In this opinion the question raised by the additional plea above set forth will alone be considered. The demurrer to the plea admitted the truth of the facts of the plea, which were well pleaded. More than two years elapsed from the date of the grant of letters of administration until the call sued on was made, and no claim upon said call was, or could have been, exhibited against said estate within the said two years. The cause of action was the call, and it did not accrue until more than two years after the issuance of letters testamentary. No right to make a call upon the estate of the deceased, alone and separately from other shareholders, existed, and the contingency for making a call upon all the shareholders had not arisen, until after the statute had run. It would lead to most confusing and absurd results to require the exhibition of contingent claims which might never ripen, against the estates of deceased shareholders in large corporations whenever they might die, and irrespective of whether their liability to respond

would ever arise. What was said by that able jurist, Judge Blodgett, in the case of Payson v. Haddock, 8 Bissell 293, may be adopted here with profit:

" The question which is presented by this demurrer raises the point as to whether a contingent claim which is not due, or can not be said to have accrued during the term of the administration of the estate of a deceased person, is to be barred by the operation of this statute. There are a large number of claims which we can imagine may arise against the estates of deceased persons, which can not be said to have accrued at the time the letters of administration are issued, or during the two years of the administration, such as actions of covenant for breaches of warranty made by the ancestor during his lifetime, and where the breach may not occur until long after the expiration of the limitation here provided for, and long after the settlement of the estate in the Probate Court; such, also, liabilities in favor of sureties upon bonds, where the liability of the surety is not fixed, perhaps, until long after the close of the estate in the Probate Court; and numerous cases of contingent liabilities may be imagined, where the party could not present a claim to the Probate Court or exhibit it to the administrator during the two years of limitation which is here provided for; and the question is, does this statute of limitations run as against that class of claims?

I have come to the conclusion, from examination of the authorities, that it can not be said to run as against any contingent claim, where the right of action has not accrued, and does not accrue, before the settlement of the estate is closed."

In the same line of reasoning, our Supreme Court, in Dugger v. Oglesby, 99 Ill. 405, said:

"Another objection made to a recovery is, that the claim was not filed against the estate of Dugger within the two years after the grant of administration. Letters of administration were taken out in 1869, and the claim now sued on was never filed against the estate. The statute provision is that all demands against an estate, not exhibited to the

County Court within two years from the granting of letters of administration, shall be forever barred, except as to subsequently discovered estate not inventoried or accounted for by the executor or administrator. All the property, both real and personal, belonging to the estate, was inventoried by the administrator, so that there are no subsequently discovered assets. The eviction did not take place until in 1874. Thus the cause of action here did not in fact accrue until long, and more than two years, after the death of the ancestor, and the granting of letters of administration and the settlement of his estate. The cause of action here is not a demand which could have been exhibited to the court, proved or allowed against the estate of Dugger any time within two years after the granting of administration on his estate, it not accruing until afterward.

We are of opinion that the limitation of the statute does not apply to the case."

We refer also to Suppiger v. Grauz, 137 Ill. 216, and to Thayer v. El Plomo Mining Co., 40 Ill. App. 344.

We think that, upon the weight of authority and of reason, the judgment of the Circuit Court was correct, and it will therefore be affirmed.