SWANN & HOLTSINGER COMPANY, A CORPORATION, AND C. M. KNOTT, AS RECEIVER OF THE SAID SWANN & HOLTSINGER COMPANY, *Appellants*, v. JOSIAH S. RICHARDSON, *Appellee.*

Opinion Filed December 19, 1919.

Petition for rehearing denied January 21, 1920.

Where a decree in foreclosure proceedings gives relief against the mortgagors and their successors in title, in favor of some of the parties claiming rights of mortgagees, and against others of such claimants, and cutting off the equities of the mortgagors and their grantees of the legal title, with a subsequent deficiency decree against the mortgagors, and an appeal is taken by the defendants against whom the rights of mortgagees were adjudged, without making the mortgagors or their grantees of the legal title subject to the mortgage, parties to the appeal, and such mortgagors and their grantees do not appear in this court in the cause, the Court will, under the circumstances shown by the record, dismiss the appeal.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Appeal dismissed.

*Lunsford & Whitaker,* for Appellants;

*John P. Wall, H. S. Hampton* and *W. W. Hampton,* for Appellee.

PER CURIAM.—The following is the entry of appeal herein:

*"Josiah S. Richardson*

vs.

W. C. Gaither, et al.

Now comes Swann & Holtsinger Company, a corporation, and C. M. Knott, as Receiver of the said Swann & Holtsinger Company, defendants and counter-claimants in the above stated cause and hereby take and enter their appeal, on this the 15th day of July, A. D. 1919, to the

Supreme Court of the State of Florida, from the final decree made and entered in the above stated cause, the said appeal being hereby taken and made returnable to the 9th day of October, A. D. 1919.

"Dated this the 15th day of July, A. D. 1919."

The proceeding is a mortgage foreclosure brought by Richardson against the mortgagors and others in which the interests of various parties in the mortgage rights were adjudicated. The appellants were among the defendants against whose claims to the mortgage rights the decree was rendered. The mortgagors and owners of the legal title, whether they be the original mortgagors or their grantees, are not made parties to the appeal, and mainly for this reason a motion is made to dismiss the appeal. A large amount is involved, and a reversal of the decree may affect the rights of the mortgagors, in the expense and delay of further litigation, if not also in the matters of consequence involved in the unusual matters and controversies disclosed by the transcript, therefore the court will not adjudicate this appeal in the absence of the mortgagors. See Henry Vogt Machine Co. v. Milton Land & Inv. Co., 74 Fla. 116, 76 South. Rep. 695; Nichols & Johnson v. Frank, 59 Fla. 588, 52 South. Rep. 146.

A material defect in parties may be noticed at any time upon motion of counsel, or by the court of its own motion.

The appeal is dismissed.

All concur.

On Petition for Rehearing.

PER CURIAM.—In an application for rehearing it is urged that the mortgagors and holders of the legal title are not necessary parties to this appeal. The answer avers that the original mortgagors, Henderson and Gaither, had conveyed the property to the Tampa Kissingen Wells Company "subject to the privity of lien of the said mortgage." But this merely places the named grantee in the place of the original mortgagors and such grantee is not a party to the appeal.

Among the assignments of error is one that "the court erred in its findings and final decree and entry of final decree of foreclosure in said cause." This covers matters of vital interest to the original mortgagors and to their grantee of the legal title to the property subject to the mortgage, against all of whom the decree is rendered, but they are not made parties to this appeal. A deficiency decree was rendered against the original mortgagors. The authorities cited by the petitioner are not controlling under these circumstances.

The mortgagors or holders of the legal title have not appeared here or asked to be made parties to this appeal.

Rehearing denied.

All concur.