F. E. PLATT, Executor of the Estate of J. R. SANDLIN, *De*ceased; WILLIAM CLIETT, F. E. CONNER, W. W. WHITEHURST, GLADYS LOCKLEAR, joined by her husband, SHUBY LOCKLEAR, AND RAYMOND, INCORPORATED, *Appellants*, v. THE CITY OF PUNTA GORDA, *Appellee.*

En Banc.

Opinion filed January 6, 1930.

*W. W. Whitehurst,* for Appellants;

*J. H. Hancock,* for Appellee.

MATHEWS, Commissioner:

The City of Punta Gorda filed its bill of complaint in chancery, against W. W. Whitehurst and others for the foreclosure of certain tax liens on lands in Charlotte County, Florida. In due course, a final decree was rendered in favor of complainant and a special master appointed to sell the lands upon which taxes were decreed to be a lien and to make report of his acts and doings to the court. Such special master reported sale of the lands liable for taxes to Richard Boardman, the purchaser thereof. Appellants W. W. Whitehurst and William Cliett filed a petition praying that the sale be not confirmed. This was denied by the court, the sale was confirmed and the master, pursuant to order of court, executed and delivered to the said purchaser the usual master's deed of conveyance.

The appellants, defendants below, after confirmation of sale and execution and delivery of master's deed, entered their appeal which appears in the transcript of the record as follows:

"In the Circuit Court, Twelfth Judicial Circuit of Florida in and for Charlotte County. In Chancery.

THE CITY OF PUNTA GORDA, A Municipal Corporation, *Complainant,* v. F. E. PLATT, as Executor of the Estate of J. R. SANDLIN, Deceased, et al., *Defendants.*

COME NOW the defendants, William Cliett, F. E. Conner, W. W. Whitehurst, Gladys Locklear and Shuby Locklear, and take and enter this, their joint appeal from the final decree made and entered in the above entitled cause by the judge of the Nineteenth Judicial Circuit of Florida, on the 30th day of September, A. D. 1927, and filed and recorded in the office of the clerk of the Circuit Court of Charlotte County, Florida, on October 1st, A. D. 1927, in Chancery Order Book 4, page 340, records of Charlotte county; and do, hereby designate that the said appeal be, and the same is, hereby made returnable before the Supreme Court of the State of Florida, at Tallahassee, Florida, on the 2nd day of April, A. D. 1928.

W. W. WHITEHURST,<br>Solicitor for Appealing Defendants.

STATE OF FLORIDA,
COUNTY OF CHARLOTTE.

I HEREBY CERTIFY that the above and foregoing notice of appeal was filed in my office on the 18th day of January, A. D. 1928, and forthwith recorded in my office in Chancery Order Book 4 at page 447, public records of Charlotte County, Florida.

WITNESS my hand and official seal at Punta Gorda, Florida, this 18 day of January, A. D. 1928.

W. T. OLIVER,

(SEAL)                                   Clerk of Circuit Court.

STATE OF FLORIDA,
COUNTY OF CHARLOTTE.

Filed in the office of the Clerk of the Circuit Court of Charlotte County, Florida, on the 18 day of Jany. A. D. 1928, at......o'clock......M., and recorded in Chancery Order Book No. 4, on page 447 and record verified.

W. T. OLIVER,
(SEAL)                Clerk Circuit Court.''

The purchaser at the master's sale was not made a party to this appeal and has not appeared herein.

The purchaser at a master's sale of real estate, to whom a deed has been executed and which sale has been confirmed, is a necessary party to an appeal taken after confirmation in such proceeding. Swann & Holsinger v. Richardson, 78 Fla. 653, 83 So. R. 707; Gifford v. Plummer, 73 Fla. 1065, 75 So. R. 536; Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. R. 995.

The omission of necessary parties to an appeal may be noticed by the court of its own motion. Swan & Holtsinger v. Richardson, *supra*.

Where a necessary party on appeal has not been made such party and has not appeared in the appellate court, the appeal will be dismissed. Swann & Holtsinger v. Richardson, *supra;* Gifford v. Plummer, *supra;* Macfarlane v. Macfarlane, *supra;* Hay v. Isetts, decided at this term.

The appeal is dismissed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the

Court that the appeal in this cause should be, and the same is hereby, dismissed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.