187 So. 176

### RICHARDSON v. DEAN.

#### 3 Div. 278.

Supreme Court of Alabama.

Feb. 16, 1939.

Rehearing Denied March 16, 1939.

422

Ball & Ball, of Montgomery, for appellant.

Jos. R. Bell, of Hayneville, and Rushton & Rushton, of Montgomery, for appellee.

BOULDIN, Justice.

This litigation involves claims of appellant against the estate of Walter T. Dean, deceased. The issues presented are issues of fact. Two claims are in question, one an alleged indebtedness due upon a mortgage upon real estate and personal property. We deal with this first.

The mortgage was executed by decedent to Union Bank & Trust Company, February 23, 1924, for $450 presently loaned, evidenced by two notes of $225 each, payable October 15th and November 15th of the same year. On May 3rd a further loan of $100, and on June 4th another of $100, both payable October 15, 1924, were made and covered by the same mortgage, making a total mortgage debt of $650. The mortgagor, Dean, was then a tenant on lands managed by appellant, Richardson, as his own.

On December 15, 1924, Richardson paid the Bank $657.17, being the mortgage debt and interest, and took an assignment in writing; and on the same date Richardson made an assignment of the mortgage in writing, without recourse, to Alabama Farm Bureau Hay Association. This association was an auxiliary of Alabama Farm Bureau Association undertaking to aid farmers in marketing hay by a pooling arrangement.

The evidence on behalf of the administrator tends to show that following these transfers of the mortgage the mortgagor baled and shipped five to six and one-half car loads of hay either to the Hay Association or to Richardson to be pooled in his name and proceeds applied to the payment of the mortgage debt.

Richardson denies this; claims the mortgage was assigned to the Hay Association as collateral, that he paid his debt down to a small balance, and after the death of the mortgagor in 1935, paid $75 and procured a reassignment of the mortgage. He then presented a claim against the estate of the mortgagor for the full amount of the mortgage with interest.

It is manifest the transfer of the mortgage from the Bank to Richardson and from Richardson to the Hay Association were contemporaneous transactions. The business of such Association was pooling and marketing hay for members. The mortgage was then due.

We see no reason to discredit the evidence of competent witnesses that shipments of several car loads of hay were made for the purpose of paying this mortgage debt. Whether handled in the name of Richardson is unimportant.

After these events no motion was made to enforce collection of this mortgage either by Richardson or the Hay Association for more than eleven years, and until after the death of the mortgagor. Meantime railway records became unavailable. The Hay Association had long gone out of business, turned its records over to the Farm Bureau and most of them had been destroyed. The notes were never found.

The administrator, corroborated by other evidence, testifies that on investigating the state of the mortgage debt, he was informed by Richardson that it was nearly all paid off, that he volunteered to take the matter up with the Farm Bureau officials, and did acquire the mortgage on payment of $75. The register, on a reference, reported this sum as the unpaid balance due Richardson on the mortgage. This report was confirmed by the trial court. Neither the register nor the trial court heard the witnesses orally.

 Upon the examination of the entire record, eliminating testimony of complainant touching statement by or transactions with the decedent, because of his incompetence as a witness under Code, § 7721, we are of opinion the decree in this regard should not be disturbed.

The other claim involved is an account presented by appellant against the estate of decedent. This account involves dealings while decedent was tenant of appellant from 1924 to 1928. The trial court held this account barred by the statute of limitations of three years. This question turns on the true date of an item of credit for turkeys delivered by decedent to appellant.

The evidence for the administrator tends to fix the date as at the close of the year 1929 or first of 1930. Corroborative evidence tends to support that date.

The appellant was incompetent as a witness to this personal transaction between him and decedent.

Appellant would fix the date of this item December 31, 1932. An account appearing in the record purports to show this date. But the original ledger sheets, kept by appellant in his own handwriting, are sent up for inspection by this court, and this credit is there entered of date January 20, 1932, more than three years before the death of decedent, February 6, 1935.

We need not consider the criticism of this account, nor the competency of appellant to prove an account book·kept by himself so as to render entries therein admissible evidence under Code, § 7701. See Dismukes & Patrick v. Tolson & Barrett, 67 Ala. 386; McWhorter v. Tyson, 203 Ala. 509, 83 So. 330.

Eliminating the incompetent testimony of appellant, the evidence does not warrant a finding of a stated account as defined by law. Ryan v. Gross, 48 Ala. 370; Ware v. Manning, 86 Ala. 238, 5 So. 682; Loventhal & Son v. Morris, 103 Ala. 332, 15 So. 672; Jasper Trust Co. v. Lamkin, 162 Ala. 388, 50 So. 337, 24 L.R.A., N.S., 1237, 136 Am.St.Rep. 33.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.