197 So. 12

### PFINGSTL v. SOLOMON et al.

### 3 Div. 310.

Supreme Court of Alabama.

June 6, 1940.

Rehearing Denied June 27, 1940.

Wm. J. Fuller, Jr., of Montgomery, for appellant.

Bernard Lobman and Hill, Hill, Whiting & Rives, all of Montgomery, for appellees.

FOSTER, Justice.

This is a proceeding to settle a controversy between the parties growing out of an agreement made between I. Fred Solomon and appellant in 1937 relating to a nursery known as "Wisdom Wood Nursery." Solomon died in 1939, letters testamentary issued, and on August 24, 1939, the estate was removed into the circuit court, in equity. On November 22, 1939, a petition was filed by the executors in that court alleging that the plants were perishable and required constant care and attention, and were liable to waste and deterioration,

and that a sale would be beneficial to the estate and to the owners of the plants. It did not set out what was the agreement with appellant, did not seek the settlement of a partnership or joint adventure, but prayed that notice be given to the widow and to appellant, and sought a sale of the nursery stock.

Appellant appeared, and demurred to the petition, but there was no ruling on it and he then made answer. He set up an oral agreement between him and Solomon made in September, 1937, whereby they were to enter into the business of raising plants and shrubs for retail sale, including greenhouse and general nursery business, and that each was to have an undivided one-half interest in the business and its profits: that in event of a dissolution each was to have one-half of the stock and equipment then on hand, which he alleges was worth $4,500, when the answer was filed, something more than two years after the arrangement was made. He claimed to be entitled as surviving partner to the possession, control and disposition of the property, after Solomon died, and that he attempted to exercise this right when he was prevented by the widow and executors. He alleged that the plants were not perishable, and needed at that time (December, 1939) very little attention, and that it would not be beneficial to sell them in bulk.

On evidence taken orally before the judge, the court found and decreed on December 7, 1939, that the agreement was that Solomon was to furnish all capital necessary, as well as the land; that appellant was to plant all the shrubs and plants, and superintend their care and maintenance; and that after Solomon had been fully reimbursed for the amount of capital he advanced, if there should be any profit, it was to be equally divided between them; that he had advanced $1,750 capital; that the plants, shrubs and slat house are perishable, and that it would be to the best interests of all parties that they be sold. He ordered a sale by the register, and prescribed the details to be observed. The register gave notice of sale as directed, and on the day before the date set for the sale, this appeal was taken by giving security for costs without a supersedeas. The register proceeded with the sale and made his report, showing that the widow bought some of the plants for $150, and a third person named Johnson bought the balance for $1,500.

Appellant filed exceptions to the register's report. They were heard and overruled, the report was confirmed, and the register ordered to pay to the widow all the purchase price, less the costs of court. No appeal was taken from that decree.

In various assignments of error, appellant contends that the decree dated December 7, 1939, fixing the rights of the parties and ordering a sale was erroneous and prejudicial in many respects. He also assigned as error the decree rendered after the appeal was taken confirming the register's report. Appellee joined issue on such assignments in writing on the record.

Such a joinder in error is said to be a waiver of certain defects or omissions in the record. Thompson v. Lea, 28 Ala. 453. There seems to be some confusion in the cases as to whether parties may waive certain preliminary steps in taking an appeal upon the basis of that authority. It was held that a proper certificate of appeal showing that it was taken in due time, and the citation of appeal with due service give this court jurisdiction to proceed without objection, though the transcript does not show the filing of a bond. Lowry v. Hill, 211 Ala. 645, 101 So. 586. We referred to these cases in Murphy v. Freeman, 220 Ala. 634, 127 So. 199, 70 A.L.R. 381. This is of course upon the idea that appellees waived such omission on the submission. But there are authorities which indicate that an attempt to appeal by filing a bond not wholly void within the required time is essential to jurisdiction, and unless that is done the parties cannot waive it. See Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803.

We will not here undertake to reconcile any apparent conflict. Each case was probably correctly decided, and but stated principles not necessary for determination. We leave the questions for decision as each may arise, referring particularly to section 6101, Code, enacted in 1919.

But under any view of the cases, when no attempt is made to appeal from a decree and the record shows that, with no certificate by the clerk, no bond or citation so reciting, jurisdiction to review that decree cannot be conferred by a mere assignment of it as error with a joinder in the assignment. Such is the status of this record as to the decree of December 19, 1939.

The rule obtains in this court that on an appeal from a decree such as that here of December 7, 1939, which is a final decree and will support it, decrees subsequently rendered, such as confirming the register's report of sale and ordering distribution of the proceeds, may not be assigned. Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241.

Moreover, the purchaser of the property at the sale is a necessary party to such appeal as will review the decree of the court which confirms the sale to him, and overrules exceptions to the report of such sale. Spence v. Spence, Ala.Sup., 195 So. 717;[1] Kitchell v. Irby, 42 Ala. 447; Harduval v. Merchants' & M. Trust & Savings Bank, 204 Ala. 187, 86 So. 52; 2 Amer. Jur. 954, section 179; 16 R.C.L. 1113, section 81; Platt v. City of Punta Gorda, 98 Fla. 1242, 125 So. 381.

He should have citation in such an appeal and be heard on it. We cannot therefore review the decree confirming the sale and ordering distribution of the purchase money.

As we have shown, there was no supersedeas of the decree ordering the sale, and at the sale the purchaser of most of the property was a person not a party to the suit. So that a reversal of the decree to the extent that the sale was ordered on account of mere error not affecting its validity cannot serve to vacate the sale or disturb the rights of that purchaser. Lesslie v. Richardson, 60 Ala. 563; Marks v. Cowles, 61 Ala. 299; Ivie v. Stringfellow's Adm'r, 82 Ala. 545, 2 So. 22; Carroll v. Draughon, 152 Ala. 418, 421, 44 So. 553, 126 Am.St.Rep. 51.

Mrs. Solomon bought the japonicas and azaleas for $150. She was a party to the suit. All the balance of the plants, shrubs and slat house were sold to J. Guy Johnson for $1,500. He was in no other way connected with the suit.

So that if the decree of sale from which this appeal was taken is erroneous to reversal, the effect is to set it aside and vacate it insofar as there was error, but not so as to prejudice the rights of Johnson to the extent of his purchase. It would, however, vacate all other proceedings had upon its authority, which are controlled by it to the extent that it may be held erroneous. For as between the parties to the suit a reversal has that effect. Marks v. Cowles, supra.

It is material to determine whether the relation of the parties was a joint adventure or a partnership. The authorities seem to hesitate to specify a hard and fast rule by which the situation should be so classed as to be designated one or the other. It is conceded that the divergence is very slight at times. But when the question arises it is treated as one or the other upon the basis of its circumstances. The authorities sometimes declare that the principal difference is that a partnership is more general in respect to its business transactions, and a joint adventure usually relates to a single transaction or single or restricted sort of business. Saunders v. McDonough, 191 Ala. 119, 67 So. 591. Various illustrations are set out in 33 Corpus Juris 845 et seq., section 16. See 15 R.C.L. 500, section 2. Our own cases have treated such an arrangement as we have here as a joint adventure without particular discussion. Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893; Hill v. Hill, 208 Ala. 659, 95 So. 29; Zingelmann v. Turner, 235 Ala. 102, 177 So. 627.

The relation between joint adventurers is not terminable at the pleasure of one of the parties so long as its purpose is unaccomplished. If one of them refuses to perform his obligation, the others may use due diligence to minimize the damage (15 R.C.L. 506, note 6), or sometimes terminate their relations. Saunders v. McDonough, supra, see pages 130, 131 of 191 Ala., 67 So. 591.

When one of the parties dies, it does not follow that the further management of the enterprise or its settlement falls on the survivor, or that he has the right to the possession and disposition of its assets for the purpose of making settlement, such as generally obtains when one partner dies and thereby the partnership is dissolved. Moreover, such relation does not alway terminate with the death of one of the parties, as where it was to continue for a definite time or to accomplish a definite purpose. It should not be so treated as to require an immediate disposition of its assets or an accounting and settlement of its affairs which would be contrary to the terms or purpose of the contract, and when it could be continued by co-operating with

---

[1] 239 Ala. 480.

the proper representative of the deceased member so that the property would not be sacrificed or so that its purpose may be reasonably carried to a conclusion. 15 R.C.L. 506, section 9, page 508, section 12; 33 Corpus Juris 850, section 29.

■ The purpose of the court is to consider the duties of the several persons under the contract, and all the circumstances of their relation, and determine how their interests would be best served. It is within the power of the equity court, whose jurisdiction has been invoked, to exercise its judgment and discretion so as to be most beneficial to all. But it has such power when it is duly invoked. That court is not at all limited by section 5832, Code, authorizing a sale of the perishable property of a decedent. Its jurisdiction in this case has a much more extensive scope, and is based on its traditional powers.

When Solomon died in May, 1939, the purpose had not been accomplished. The plants had had one and one-half years of growth, and at the proper season of the year were in the main ready for the market. That is to say, it was not then the proper season, and they needed cultivation until the following autumn and winter. In the meantime, the court found that under the contract it was appellant's duty to cultivate and care for them. As to whether he did this, the evidence is conflicting. We assume the court found that he did not perform this service, as he should have done. When the season became appropriate for their sale, he and Mrs. Solomon made an effort to do so. He did not have any superior right such as a surviving partner. The successors to Solomon's interest had as much right in this respect as did appellant. Finally Johnson agreed to buy. Appellant was not satisfied with his proposed purchase. This litigation followed. The court concluded that it was best to make the sale, and it resulted as we have shown. We cannot say that appellant had the right to continue the relation through another season.

■ The rights and interests of the parties did not depend upon any well-defined rules. It was the duty of the court of equity, as we have said, to determine what was best to be done under all the circumstances. We do not think there was error in the decree insofar as it ordered the property sold, on the assumption that the relation of the parties was as found by the court, and should be classed as a joint adventure.

We have stated that the court found and decreed what were the nature and terms of the contract between appellant and Solomon, and we have stated what those details were as so found.

■ There was evidence of an admission made by appellant as to those details made to one of the executors after the death of Solomon. Appellant filed a claim against the estate and an answer to this petition in which he stated that he and Solomon were each to own an undivided one-half interest in the business and its assets. He was not permitted, over objection, to testify to the trade which they made. This was of course without error. But Mrs. Solomon was permitted to testify that she heard the oral agreement between them and related the details of it over the objection of appellant. She has a pecuniary interest in the result of the suit. Her testimony was as to statements made by a decedent whose estate was interested also. She was not called to testify to it by the party to whom her interest is opposed. Section 7721, Code.

It is a mistaken construction of the statute to assume that it does not prohibit the testimony if it is favorable to the interest of the estate, and the witness is called in behalf of such interest. McDonald v. Harris, 131 Ala. 359, 31 So. 548; Adler v. Pin, 80 Ala. 351; Watson v. Appleton, 183 Ala. 514, 62 So. 765; Qualls v. Monroe County Bank, 229 Ala. 315 (3), 156 So. 846; Richardson v. Dean, 237 Ala. 421, 187 So. 176; compare Dicus v. Childress, 128 Ala. 617, 29 So. 617 (2), also the notes in 117 A.L.R. 609. This evidence should not have been admitted.

■ By virtue of section 6565, Code, the court need not act on objections to evidence in equity cases. If the record shows evidence which is illegal, it is the duty of the court to consider only the legal evidence. When the court overrules an objection to evidence, it is to be assumed on appeal that such evidence was considered by the court. We have said that such situation warrants a reversal of the decree. Schwab v. Powers, 228 Ala. 205, 153 So. 423.

■ In another case we said that if such illegal evidence is eliminated, the court will not reverse when it is satisfied from all the evidence that the decree

should not be disturbed. Richardson v. Dean, 237 Ala. 421, 187 So. 176. It is not clear in that case that there was an objection and a ruling showing that the court probably considered the illegal evidence. When the record shows that the court considered illegal evidence, the effect should be treated as on an appeal from a judgment at law tried without a jury. The rule in such a case is that the admission of illegal evidence over objection requires a reversal unless the remaining evidence is without conflict and sufficient to support the judgment. Springer v. Sullivan, 218 Ala. 645, 119 So. 851; Robinson v. Solomon Bros. Co., 229 Ala. 137, 155 So. 553.

The remaining evidence here consists of alleged admissions by appellant uncontradicted by the evidence. His testimony as to such transactions as we have said was properly excluded. So when we apply the rule above mentioned, we do not think the error in overruling the objection to this evidence is prejudicial to appellant. It would be necessary to make the same finding had such evidence been excluded.

The court found and decreed that the amount of capital advanced by Solomon was $1,750: that after the payment of the costs, if the proceeds of the sale exceed $1,750, the excess shall be equally divided between Mrs. Solomon and appellant. There was a greenhouse and furnace with an automatic stoker. All the plants had been moved out of it, and before this proceeding was begun Mrs. Solomon sold this outfit to be removed, and received $100 for the material in the greenhouse, and $75 for the heating plant. This was without an order of court and without negotiation with appellant. The evidence is that the greenhouse was built under the supervision of appellant, and that Solomon advanced the necessary funds. It was to be used in the promotion of this adventure, as a facility for its operation. It was an attachment to the land, somewhat of a permanent nature, and not intended to be sold except possibly upon a completion of the enterprise. They were constructed in 1937, and had been in use about two seasons. The greenhouse cost Solomon approximately $750, and the heating plant $250.

The court also found that appellant owed Solomon $289.60, balance of a sum advanced to buy a car, and decreed that same be cancelled on account of such claim as he might have on account of the greenhouse and heating plant.

This plant should not have been sold without an order of court or without the consent of appellant. As it stood on the land and as a necessary facility, it was probably worth $750. If we deduct that from $1,750 we have $1,000 to be paid Mrs. Solomon from the balance of the nursery property. When the decree of December 7th is illustrated by that of December 19th, showing that at the sale the property brought $1,650, which was ordered to be paid Mrs. Solomon, less the costs of court, we find that if the amount so ordered was fixed at $1,000, without deducting anything for costs of court, the one-half interest of appellant in the $650 would be $325, whereas he owed $289.60 to Solomon which the court satisfied. This would leave about $35, which will not probably exceed one-half of the costs of this suit. While the trial court did not so compute the matter, the result reached was approximately the same. In this we find nothing prejudicial to appellant.

We find no reversible error, and the decree is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, BOULDIN, and LIVINGSTON, JJ., concur.

