41 So.2d 291

**CLOWER v. SANDERS et al.**

**4 Div. 556.**

Supreme Court of Alabama.

June 16, 1949.

James G. Clower, of Troy, for appellant.

Oliver W. Brantley, of Troy, for appellees.

FOSTER, Justice.

The question sought to be decided on this appeal is whether it was within the power of an equity court to confirm a sale of timber made under a decree of that court on the petition of the guardian of the owner, who was a non compos mentis, when the purchaser promptly paid into court the amount of his bid and the sale was reported by the register and ordered by the court to lie over for ten days for confirmation, but before the date so set the ward died; and when also his will being admitted to probate his widow and only son named as sole executors and legatees appeared and moved that the cause be revived by having them substituted as parties and submitted to the jurisdiction of the court.

The trial court in a carefully prepared opinion, well supported by authority, held that it was within its power to pass upon the report and proceeded to confirm it and ordered the guardian and executors to execute a deed to the purchaser. The only ground of exception was in respect to the death of the ward, as we have stated.

When the bid of the purchaser was accepted and he paid the amount of it to the register he became a quasi party to the cause in which the decree of sale was made, and from that day was regarded as the owner of the timber. When the confirmation was made it related back to the date of his purchase since he had complied with the terms of the sale. He must bear any interim loss in value and is entitled to the benefit of any appreciation in value. He is entitled to a confirmation effective as of the date of his purchase as a matter of course, the fairness and regularity of the sale not being questioned by exceptions to the register's report on that ground. Haralson v. George, 56 Ala. 295; Harduval v. M. & M. Tr. & Savs. Bank, 204 Ala. 187, 86 So. 52; Taylor v. Wilson, 233 Ala. 182(3), 170 So. 833; Hayes v. Betts, 227 Ala. 630, 151 So. 692, 95 A.L.R. 1484; Ex parte Curry, 248 Ala. 384, 27 So.2d 630; Curry v. Holmes, 249 Ala. 545, 32 So.2d 39; Ex parte Williams, 87 Ala. 547, 550, 6 So. 314; Dugger v. Oglesby, 99 Ill. 405.

When the ward died, his legatees and personal representative succeeded to his rights. They became parties and thus his estate was fully represented. No one else can complain but the purchaser, and he gets what he wants. There is no reason why the court making the sale could not confirm it with all the interested parties before it. See, Chaney v. Chaney, 38 Ala. 35; Salter v. Salter, 6 Bush, Ky., 624; McVey v. McVey, 51 Mo. 406; In re Conrad Harvey, 16 Ill. 127; Tilly v. Tilly, Md., 2 Bland, Md., 436. This principle is not within the case of Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116.

The exception to the report was made by the guardian ad litem after the death of the ward, and the appeal is likewise taken

384

by him. The executors and guardian ad litem stipulated on the record as follows: "It is further agreed and stipulated that the only issue on this appeal is whether the court had any jurisdiction to confirm the sale after the death of John M. Sanders; that is, whether the order confirming the sale is void so as to make it subject to collateral attack, it being agreed that the order was proper unless the court was totally without jurisdiction to render it."

This was attempted to be an agreed case under section 744, Title 7, Code, but the purchaser would not be bound by it because not a party to it. The only proper parties on this appeal are the legatees and personal representative of the deceased on the one hand, and the purchaser on the other. The purchaser is a necessary party. Spence v. Spence, 239 Ala. 480(12), 195 So. 717; Pfingstl v. Solomon, 240 Ala. 58(3), 197 So. 12; Kitchell v. Irby, 42 Ala. 447. He was not cited on appeal, and has not appeared. We will take note of this ex mero motu. Winsett v. Winsett, 203 Ala. 373(16), 83 So. 117.

But a dismissal of the appeal will not ordinarily result from such failure. Mutual Sav. Life Ins. v. Osborne, 242 Ala. 589, 7 So.2d 319.

The guardian ad litem after the death of the ward had no standing to take further part in the proceedings. The executors and legatees represented the estate. See, Rules 10 and 35 Chancery Practice Code 1940, Tit. 7, Appendix, and by analogy section 105, Title 7, Code. The guardian ad litem after the death of the ward could not by appeal or by stipulation under section 744, Title 7, Code, confer jurisdiction on this Court. It could have been done by the executors, legatees and purchaser acting jointly in a stipulation. This Court having acquired no jurisdiction, we can only dismiss the appeal. It is so ordered.

The costs of appeal will be paid out of the proceeds of the sale which have been paid into the trial court. Compare section 787, Title 7, Code.

Appeal dismissed.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.